BERNARD PEYSER, RESPONDENT, *v.* JOSEPH E. McCOR-MACK, APPELLANT.

*Instrument for payment of money only — what is — Complaint — verification of — Code, § 157 — improperly made by attorney — unverified answer valid — Reference and judgment disregarding answer irregular.*

In an action to foreclose a bond and mortgage, the attorney verified the complaint, on the ground that the action was upon a written instrument for the payment of money only, which instrument was at the time in his possession. The defendant served an unverified answer, denying all the allegations of the complaint, which answer was returned for that reason. The plaintiff, as on default of an answer, obtained an order of reference to compute the amount due, and entered judgment upon the report of the referee.

*Held,* That the action was upon both the bond and mortgage; that the mortgage was the most important instrument of the two, as it was the foundation of the relief demanded and secured by the judgment. That therefore the action was not upon a written instrument for the payment of money only, but upon an instrument providing for a sale of defendant's property, and could not be properly verified by the attorney, simply because the bond was in his possession.

*Held,* also, that the service of an unverified answer to a complaint so verified was regular, and that though interposed for delay, there was but one lawful way of disposing of such an answer, and that was by a trial of the issues which it formed, and hence the order of reference and judgment were irregular.

APPEAL from an order of reference to compute the amount due on a bond and mortgage set out in the complaint, and from the judgment entered upon the report of the referee.

*Joseph Fettretch*, for the appellant.

*Julius Lipman*, for the respondent.

DANIELS, J.:

The action was prosecuted for the foreclosure of a mortgage given to secure the amount due upon a bond, and for a sale of the mortgaged premises. The complaint was verified by the attorney for the plaintiff, upon the sole ground that the action was upon a written instrument for the payment of money only, which was at the time in his possession.

By the complaint it was alleged that the defendant appealing was one of the owners of the equity of redemption in the mortgaged premises, and upon his behalf an unverified answer was served denying all the allegations contained in the complaint. That was returned for the reason that the verification had been omitted. And the plaintiff applied for judgment in the case by default. That was opposed because of the service of this answer, but the court held that it should have been verified to render it regular, and ordered a reference, and afterward judgment on the report of the referee.

Whether that decision was right is the substantial question presented by the appeal. For the second order was only an amplification of the one first made, for the purpose of showing that the reference was opposed upon the fact that an issue had been formed in the action by the service of the defendant's answer.

The mortgage was given at the same time as the bond, to secure the same debt, and it was between the same parties. That rendered the bond and the mortgage substantially one instrument, to be construed and enforced together in an action of foreclosure upon them. (*Rawson* v. *Lampman*, 1 Seld., 456; *Rogers* v. *Smith*, 47 N. Y., 324.) The foundation of the action was the mortgage, as much as it was the bond. It was upon both of them, and they were together essential to the right of the plaintiff to maintain it. In fact the

mortgage was the most important instrument of the two, for without it there could be no sale of the premises mentioned for the plaintiff's benefit. That was the substantial foundation of the relief demanded, and it was secured by the judgment recovered. The action, therefore, was not upon a written instrument for the payment of money only, but upon an instrument for the payment of money and providing for a sale of the defendant's property in case of default. And for that reason the complaint could not be properly verified by the attorney, simply because the bond was in his possession. (Code, § 157.) The instruments referred to in this provision are of the same description as those mentioned in subdivision 1 of section 129 of the Code, authorizing a notice to be inserted in the summons, that in case of failure to answer the complaint, judgment will be taken for a specified sum of money. And upon which, by subdivision 1 of section 246, judgment may be recovered of course without application to the court. The suits upon them are denominated actions on contract for the recovery of money only, and as they by their terms determine the amount to be recovered, the formality of an application to the court is not required for the purpose of procuring judgments upon them. It is in that class of cases the attorney may verify the complaint upon the possession of the written instrument containing the contract, and not in those where an application to the court must be made before judgment can be taken, which was required in this case.

The authorities particularly relied upon, in support of the plaintiff's practice, were not cases of this description. But they involved demands upon which judgment could be taken, without any previous application to the court. (*Myers* v. *Gerrits*, 13 Abb., 106 ; *Smith* v. *Rosenthall*, 11 How., 442.) No authority has been cited, and none found, sanctioning the verification made of the complaint by the plaintiff's attorney under the circumstances appearing in this case. And the provisions of the Code are directly opposed to it. For that reason the reference was improperly ordered to compute the amount due upon the mortgage, and the service of an unverified answer was regular. ( *Williams* v. *Riel*, 11 How., 374.) And even though it was served simply to delay the plaintiff, there was but one lawful mode of disposing of it, and that was by a trial of the issue which it formed. Upon the allegations of the com-

plaint the defendant was a necessary party to the action for the foreclosure of the mortgage. He had a right to defend it, and appeal from the judgment.

The order of reference and the judgment recovered upon the report of the referee, should be reversed, and the action should be tried upon the issue formed by the answer, but as it is probable that the answer was served for the mere purpose of delay the costs and disbursements on the appeal should abide the event of the suit.

Davis, P. J., and Brady, J., concur.

Order of reference and judgment reversed; action to be tried upon issue formed by answer, costs to abide event.