Zwickey and others, Respondents, vs. Haney and another, Appellants.

*May 8 — June 1, 1885.*

*(1) Summons: Proof of service: Judicial notice: County in state. (2) Initials used for names of parties: Presumption. (3) Promissory note: When due: Failure to pay interest. (4) Foreclosure of mortgage: Judgment by default: Amount.*

1. Proof of the service of a summons in Richland county is sufficient although it does not state that such service was made in this state. The court will take judicial notice that said county is in this state.

2. The summons and complaint were each entitled "M., G. & C. Zwickey, plaintiffs," etc., and the judgment was entitled "Michael Zwickey, George Zwickey, and Casper Zwickey, plaintiffs," etc. *Held,* that the court will presume that the plaintiffs so named in the complaint are identical with those named in the judgment.

3. A note provided that if interest was not paid when due it should become a part of the principal and draw the same rate of interest, and that " on failure to pay interest when due, the principal to become due." *Held,* that upon a failure to pay interest the payee might treat the principal as due or might let the note run on with compound interest.

4. Sec. 2886, R. S., applies to equitable as well as to legal actions, including actions to foreclose mortgages, and limits the recovery, when there is no answer, to the amount demanded in the complaint.

APPEAL from the Circuit Court for *Grant* County.

Action to foreclose a mortgage given by the defendants to secure the payment of a promissory note made by the defendant *James Haney* for $1,000, dated November 10, 1877, payable on or before ten years from the date thereof, with interest at the rate of ten per cent. per annum, payable annually. The note also contained a condition that if the interest was not paid when due it should become a part of the principal and draw the same rate of interest as the principal, and a further provision that " on failure to pay interest when due, the principal to become due." The action was commenced December 8, 1881.

The complaint alleges that *James Haney* failed to pay the sum of $100 interest which became due and payable November 10, 1880, and the further sum of $100 interest which became due and payable November 10, 1881, and failed to pay the further sum of $10 which became due November 10, 1881, and neglected to pay taxes, etc. It further alleges that the plaintiffs are the owners and holders of the note and mortgage, and that there is due to them thereon the sum of $1,000, with interest thereon from November 10, 1879, at the rate of ten per cent. per annum, and the further sum of $10, with interest thereon at the same rate from November 10, 1880. Judgment is demanded for the amount so alleged to be due and unpaid, for the foreclosure of the mortgage, etc.

The defendants did not appear, and on March 28, 1882, judgment as by default was entered, adjudging that there was due to the plaintiffs on the note and mortgage, for principal and interest, the sum of $1,362.50, and ordering sale of the mortgaged premises, judgment for deficiency, etc. This judgment was, in fact, for the amount of the note with interest from November 10, 1878, compounded, instead of from November 10, 1879, as claimed in the complaint. The defendants appealed from the judgment.

For the appellants there was a brief by *A. C. Eastland* and *H. A. Eastland & Son,* and oral argument by *Mr. A. C. Eastland.*

For the respondent there was a brief by *Wilson & Provis,* of counsel, and *L. J. Woolley,* attorney, and the cause was argued orally by *Mr. Provis.*

On January 13, 1885, a decision was announced affirming the judgment, the court being equally divided. A motion for a rehearing was granted. Upon the re-argument

The cause was submitted for the appellant on the brief of *A. C. Eastland.*

For the respondent there was a brief by *Wilson & Provis*, of counsel, and oral argument by *Mr. Provis*.

The following opinion was filed June 1, 1885:

COLE, C. J. The objection that there was no proper service of the summons and complaint in this action is clearly untenable. On the back of the summons, annexed to the complaint, we find an affidavit made by Henry Reed, in which he swears "that he served the within summons and complaint on the within defendants, *James Haney* and *Santippia Haney*, personally, by delivering to and leaving with each of said defendants — whom he knew to be the persons named in the within summons — a true copy of said summons and complaint, in the county of Richland, on the 8th day of December, A. D. 1881, at the village of Port Andrew, in said Richland county." This fully shows the place, time, and manner of service; that Reed knew the persons served to be the defendants mentioned in the summons; and that he delivered to and left with each defendant a true copy of the summons and complaint. The proof of service meets all the requirements of the statute (subd. 2, sec. 2642, R. S.), and is sufficient. It is said Reed should have sworn that he made the service in the state of Wisconsin. This was not necessary. The court will take judicial notice that Richland county is in this state. It surely will not presume that service was made in some county of that name in another state, beyond the jurisdiction of the court.

The summons and complaint are each entitled "*M., G. & C. Zwickey,*" as plaintiffs, and the judgment is entitled "*Michael Zwickey, George Zwickey,* and *Casper Zwickey,*" plaintiffs. It is said the court should not presume that the persons named as plaintiffs in the summons and complaint are the ones named as plaintiffs in the judgment. In civil

proceedings in this state it is a common practice to use initials for the entire Christian name, as our records will show. It may be the better practice — as we think it is — to use at least one entire Christian name in the entitling of causes (*Kellam v. Toms*, 38 Wis. 601), but as the general usage is not to do so, we must hold that an initial stands for the full Christian name. Consequently, we must assume, on this record, that M., G. & C. stand for Michael, George, and Casper.

The note was dated November 10, 1877, and was payable ten years from date. The interest was made payable annually, and if such interest was not paid when due it became a part of the principal, and drew the same rate of interest as the principal. There was a further condition in the note that "on failure to pay interest when due, the principal to become due." There was confessedly a default in the payment of the interest. But it is said nothing became due on the note because, by the terms of the contract, such interest, when due, was converted into principal, so that, in fact, nothing was really due on the note until the whole sum became due, ten years from date. But this, we think, is not the proper construction of the contract. By the contract the mortgagees might avail themselves of the condition which made the principal due on failure to pay the interest, or they might let the note run on with compound interest. The complaint alleges that there was a failure to pay interest on the note for two years preceding the commencement of the action. By the condition above quoted the principal became due on failure to pay the interest.

The further objection is taken that the judgment is for one year's interest more than was demanded in the complaint, and it is insisted that this is a fatal error therein. It is certainly true that three years' interest was recovered, while, by the complaint, only two years' interest was

claimed to be due. There was no appearance by the defendants, and it is said that the judgment could not exceed the amount demanded in the complaint. It is said that sec. 2886, R. S., applies to the case, and limits the recovery to the amount demanded in the complaint. That section expressly provides that the relief granted, where there is no answer, cannot exceed that which shall be demanded in the complaint. On the other hand, it is insisted that the above section does not apply to a foreclosure action, where the court is required to ascertain and fix the amount of the mortgage debt on the rendition of the judgment under sec. 3162, R. S. Inasmuch as this provision imposes upon the court the duty of ascertaining from proofs offered the amount of the mortgage debt even where there is a default, it is said the plaintiff should not be absolutely restricted to the amount demanded in the complaint, because, if he has made a mistake in demanding less than he was entitled to recover, the court should disregard such mistake, and give judgment for the amount actually due on the mortgage, which could harm no one.

On the former hearing the court was equally divided on this point, Mr. Justice ORTON and myself deeming the latter view correct, while Justices TAYLOR and CASSODAY held that the plaintiff should be limited in the recovery to the amount claimed in the complaint, as in other actions. Now, after further argument and reflection, we are unanimously of the opinion that the true and proper rule on the subject is, where there is no answer, to hold that the plaintiff should not recover an amount exceeding that claimed in the complaint, or have any different relief than is therein demanded. This case, perhaps, affords as good an illustration of the danger of adopting any other rule as could well be suggested. Here the plaintiff took judgment for one year's interest more than was actually due or was demanded in the complaint. Of this fact we are quite well satisfied

Zwickey and others vs. Haney and another.

from the receipts which were exhibited on the motion for a rehearing, and which, though not legitimate evidence in the case, cannot be wholly disregarded. At all events, the receipts show most forcibly the necessity of applying sec. 2886 to all cases of default. This is the practice in New York, under a similar statute.[1]

Now, in this case probably neither the note nor mortgage showed all the interest that had been paid. Doubtless both the plaintiffs and their attorney had forgotten about the payment of one year's interest when judgment was taken. The court, in ascertaining the amount of the mortgage debt, would naturally rely much on the face of the securities. Therefore the court fell into an error on this point.

As the complaint only demanded the amount actually due, the defendant had no occasion to appear and present the receipts which showed what payments had been made. Really the defendant had no defense to the amount claimed in the complaint, therefore did not care to litigate that question. As the learned counsel for the appellants suggests, it often happens that a defendant prefers to let the plaintiff take the judgment he has demanded, and to which he has no valid defense, rather than be to the expense of making an answer or attending upon the trial. This is true both in respect to actions in equity and to actions at law; and the safe rule is to hold that it is error to take a judgment for a greater amount, or for other relief, than that demanded in the complaint, where there is no answer and judgment goes by default. Our conclusion is that sec. 2886 should be applied as well to equitable as legal actions.

---

[1] See *Kelly v. Downing,* 42 N. Y. 71; *Simonson v. Blake,* 20 How. Pr. 484; *Hurd v. Leavenworth,* 1 Code R. (N. S.), 278; Van Santv. Eq. Pr. 128; Moak's Van Santv. Eq. Pr. 274 (362); *Walton v. Walton,* 32 Barb. 203; *Andrews v. Monilaws,* 8 Hun, 65; *Haven v. Baldwin,* 5 Iowa, 503; *Cleveland C. & Co. v. Grimes,* 9 Neb. 123; cited by Mr. Justice TAYLOR in opinion filed January 13, 1885.— REP.

It follows from these views that the judgment of the circuit court must be reversed for the error above indicated, and the cause must be remanded with directions to enter the proper judgment.

*By the Court.*— It is so ordered.