MORRIS, Respondent, vs. PECK, imp., Appellant.

*January 30 — February 19, 1889.*

*(1) Mortgages: Non-negotiable note: Assignment: Pleading. (2) Fore-closure: Judgment: Error in computation of amount due. (3) Judgment: Special term: Authentication: Appeal.*

1. In an action to foreclose a mortgage securing a non-negotiable note or contract for the payment of money, an allegation that the plaintiff paid the mortgagee the whole amount due thereon (stating time, place, and amount), "for and in consideration of which" the mortgagee "then and there sold, assigned, and delivered to said plaintiff all her right, title, and interest in and to said contract and mortgage and the amount due thereon," sufficiently avers the transfer of the securities to the plaintiff, and shows his ownership thereof and his right to maintain the action.

2. In an action to foreclose a mortgage the defendant appeared and had due notice of the application for judgment. By a mistake in computation the amount which the referee reported to be due after deducting payments, and which was inserted in the judgment, was slightly too large. *Held*, that the defendant must have called the attention of the trial court to the error, or at least have demanded that the plaintiff remit the excess, before such error will be available to him on appeal. *Zwickey v. Haney*, 63 Wis. 464, distinguished.

3. Where in an action in the circuit court for one county judgment is rendered at a special term of that court held in another county, the want of proper authentication of the judgment by the clerk of the latter county (sec. 2428, R. S.) is not a jurisdictional defect, but, at most, a mere irregularity which will not be corrected on appeal unless an opportunity is first given to the circuit court to supply the alleged defect in the record.

APPEAL from the Circuit Court for *Richland* County. The facts are stated in the opinion.

For the appellant the cause was submitted on briefs by *Michael Murphy.*

For the respondent there was a brief by *Black & Burnham,* attorneys, and *F. J. Lamb,* of counsel, and oral argument by *Mr. Lamb.*

LYON, J.   This appeal is by the defendant *Nancy Peck* from a judgment for the foreclosure of a certain mortgage on real estate, executed by her and the defendant O. P. Peck to one Eva A. Rolfe, and by her alleged to have been assigned to the plaintiff.   The appellant asks a reversal of the judgment on either of the three following grounds:

1. The appellant *Nancy Peck* interposed a general demurrer to the complaint, which was overruled by the court. The first error is assigned upon this ruling, and it is claimed that the demurrer should have been sustained.   The complaint sets out an instrument for the payment of money, which, it is alleged, the mortgage in suit was given to secure.   Such instrument is denominated in the complaint a contract in writing for the payment of money.   It is doubtless a non-negotiable promissory note.   The point of the demurrer is, the complaint does not show that the note was ever transferred to the plaintiff so as to enable him to maintain this action.   The proposition is unfounded in fact. The complaint alleges that the plaintiff paid Eva A. Rolfe, the mortgagee, the whole amount due on such instrument and mortgage at her request (stating date, place, and amount), and that "for and in consideration of which the said Eva A. Rolfe then and there sold, assigned, and delivered to said plaintiff *Edward Morris* all her right, title, and interest in and to said contract and mortgage and the amount due thereon."   This is an effectual averment of the transfer of the securities to the plaintiff, showing his ownership thereof and his right to maintain this action to foreclose the mortgage.   Hence the demurrer was properly overruled — no other objection having been made to the complaint, which is in the usual form of complaints in such actions.

2. The action was brought in the circuit court of Richland county.   The judgment purports to have been made

at a special term of that court held at the court house in the county of Crawford, on the first day of the May term, 1888, which was a general term of the circuit court of the latter county. Such term was also a special term of the circuit court of Richland county, and the judgment was properly rendered at such special term. The judgment is signed by the judge, and was afterwards filed and recorded in the circuit court for Richland county. It bears no signature thereon, or other authentication thereof, by the clerk of the circuit court of Crawford county. The want of such authentication is assigned as error.

It may be the regular practice required that the judgment should have been authenticated by such clerk by filing the same, or in some other authorized manner, before it was transmitted to Richland county. Such seems to be the requirement of the statute. R. S. sec. 2428. But we do not think the judgment should be reversed for such irregularity, if it be one. The appellant should have moved the circuit court of Richland county to strike the judgment from the files and records of the court, or for any other appropriate relief because of such a want of authentication. In such case it would have been proper for that court to have returned the judgment to Crawford county for authentication — thus curing the irregularity and saving the expense and delay of an appeal to this court. The judgment bears the signature of the circuit judge, and was made at an authorized special term of the court in which the action was pending. In such case, we do not think the want of proper authentication is a jurisdictional defect, but that, at most, it is a mere irregularity, which this court will not correct on appeal unless an opportunity is first given the circuit court to supply the alleged defect in the record.

3. Several payments having been made upon the mortgage debt, running through a period of over five years, the court sent the securities to a referee for computation of the

amount due upon them, and the referee afterwards reported as so due the amount inserted in the judgment. It is now claimed that this amount is about eight dollars too large. This is probably true. Because of such excess the appellant claims a reversal of the judgment, and relies upon the case of *Zwickey v. Haney*, 63 Wis. 464, as authority therefor. In that case judgment was taken by default for interest on the mortgage debt for one year, over and above what was demanded in the complaint. For that reason a judgment of foreclosure was reversed. That case is clearly distinguishable from this. The judgment there included a demand not claimed in the complaint, and entirely outside the cause of action therein stated. Here the plaintiff has only recovered the specific debt, less payments, which he claimed to recover, the error consisting solely in a mistaken computation of the amount unpaid on the securities. Such computation was inside the limits designated in the complaint. Moreover, the judgment in that case was by default, while here the appellant appeared in the action and had due notice of the application for judgment. These differences take the case out of the rule of *Zwickey v. Haney*, and require the application of a different rule of practice. We hold, therefore, that the appellant should have called the attention of the circuit court, either by motion or otherwise, to such error in the computation, or at least should have demanded of the plaintiff that he remit the erroneous excess from the judgment, before the error can be available to him in this court on an appeal from the judgment. The record fails to show that he has done so.

For the foregoing reasons the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.