McKenzie, Respondent, vs. Peck, Appellant.

*March 16 — April 25, 1889.*

*Liens: Judgment by default for relief not demanded: Reversal in part.*

1. Under sec. 2886, R. S., although a complaint alleges all the facts essential to entitle the plaintiff to a lien upon logs, if a personal judgment only is demanded a judgment by default for such lien is unauthorized.
2. But a judgment, in such case, both personal and for the lien need not be disturbed so far as it is personal, although the part relating to the lien is reversed.

APPEAL from the Circuit Court for *Washburn* County.

This action was brought to recover a balance due the plaintiff for work and labor in skidding and hauling certain logs for the defendant. The complaint alleges all the facts essential to entitle the plaintiff to a lien on the logs for such balance, pursuant to the statute in that behalf, but no such relief is demanded. The only relief prayed is a personal judgment against the defendant for the balance claimed. The action was commenced by the service of a summons and the complaint. Afterwards the affidavit for an attachment required by the statute (R. S. sec. 3333) was made by the plaintiff, and a writ of attachment was issued for the seizure of such logs, and duly executed.

The defendant made no appearance to the action, and judgment by default was afterwards entered against him

for the balance claimed and interest, and that the same be a lien upon the logs. The defendant appeals from the judgment.

For the appellant there was a brief by *L. H. Mead,* attorney, and *Clapp & Macartney,* of counsel, and oral argument by *N. H. Clapp.*

For the respondent there was a brief by *F. B. Dorothy,* and oral argument by *J. M. Olin.*

Lyon, J. I. That portion of the judgment which makes the amount thereof a lien upon the logs skidded and hauled by the plaintiff cannot be upheld. No such relief is demanded in the complaint, and no answer has been interposed. In such case the statute is imperative that the relief cannot exceed that demanded in the complaint. It is immaterial that the complaint alleges sufficient facts to show the plaintiff entitled to a lien, had he demanded it. In the absence of such demand, and of an answer, those allegations are inoperative. R. S. sec. 2886. The case of *Zwickey v. Haney,* 63 Wis. 464, is identical in principle with the present case. See, also, *Edleman v. Kidd,* 65 Wis. 25, and *Morris v. Peck,* 73 Wis. 482. But it is unnecessary to cite adjudications on the subject, for the statute is too plain and imperative to admit of any question as to its meaning, or any evasion of its requirements. That it rules a case under the law giving a lien upon logs and timber for labor performed thereon, we cannot doubt. The question of the sufficiency of the attachment was argued, but it is unnecessary to determine it.

II. The judgment against defendant for the amount claimed in the complaint should not be disturbed. The summons was personally served upon him, and the complaint alleges facts which entitle the plaintiff to the personal judgment he demanded and recovered.

*By the Court.*— The personal judgment against the de-

fendant for the amount demanded is affirmed. That part of the judgment which makes the amount thereof a lien on the logs described therein is reversed. The plaintiff must pay the clerk's fees, beyond which no costs are allowed to either party.