## ANDREWS v. WYNN.

1.  A complaint in an action to foreclose a mortgage brought by Edward H. Andrews, in which it is alleged that the defendant made, executed and delivered to E. H. Andrews his promissory note, and thereby promised to pay E. H. Andrews, etc., and that to secure the payment of said note the said defendant made, executed and delivered to said E. H. Andrews a mortgage, and thereby mortgaged in fee to said E. H. Andrews certain lots, etc., but which fails to allege that the plaintiff and said E. H. are one and the same person, or that said E. H. has transferred said note and mortgage to the plaintiff, or that the plaintiff is the owner and holder of said note and mortgage, does not state facts sufficient to constitute a cause of action in favor of the plaintiff.

2.  This court cannot take judicial notice that Edward H. and E. H. are one and the same person, or that E. H. is not the full christian name of a person.

3.  The last clause of Section 4927, Comp. Laws, is not applicable to an action to foreclose a mortgage. Such an action is not founded upon an instrument in writing for the payment of money only, but is an action to suject property to the payment of a debt. The implied allegations in actions under that section cannot be extended to embrace other actions under the Code.

(Syllabus by the court. Opinion filed April 19, 1893.)

Appeal from circuit court, Hughes county. Hon. H. G. FULLER, Judge.

Action by Edward H. Andrews against Charles H. Wynn to foreclose a mortgage. A demurrer to the complaint was overruled, and defendant appeals. Reversed and remanded. KELLAM, J., concurring specially.

The facts are stated in the opinion.

*Wynn & Nock*, for appellant.

*Horner & Stewart*, for respondent.

A motion to make the complaint more definite and certain is the proper remedy where there is a difference between the parties named in the caption and in the body of the complaint. §§ 4925, 4609, Comp. Laws; Barnes v. Perine, 9 Barb. 202; Richards v. Edick, 17 Barb. 260; Cheeseborough v. Railroad, 13 How. Pr. 557. Parties to an instrument may sue or be sued in the name by which they are styled therein. Nelson v. Highland, 13 Cal. 75. Misnomer in the caption of a complaint or petition cannot be questioned by a demurrer for the want of sufficient facts. § 4909, Comp. Laws; Poala v. Krutz, 22 Kan. 729; Boone Code Pl. § 53. The defect, if any, in this pleading is trivial and should be disregarded. § 4941 Comp. Laws; Bank v. McGee, 20 N. Y. 360. The presumption in this case is that the payee and plaintiff are the same party. 1 Estes Pl. § 974; 1 Abbott's Forms 215; Marshall v. Rockwood, 12 How. Pr. 452. The complaint in the case at bar is sufficient. Bank v. Jacobson, 15 Abb. Pr. 22; Id. v. Id., 24 Id. 204; Prindle v. Caruthers, 15 N. Y. 425.

CORSON, J. This is an appeal from an order overruling a demurrer to the complaint. The action was brought to foreclose a mortgage on certain lots in the city of Pierre. A demurrer was interposed to the complaint, on the ground that the complaint does not state facts sufficient to constitute a cause of action. The particular grounds relied on to sustain the demurrer are stated by the learned counsel for appellant in his brief as follows: "The complaint is demurrable because it nowhere alleges that the defendant executed and delivered the promissory note and mortgage declared upon to the plaintiff. The case is entitled in the caption as 'Edward H. Andrews, plaintiff, vs. Charles H. Wynn, Defendant.' The complaint does not allege that the defendant executed and delivered to Edward H. Andrews the note and mortgage declared upon. The complaint does not allege that the plaintiff is the owner

of the promissory note and mortgage declared upon, nor does it allege any assignment or transfer from E. H. Andrews to Edward H. Andrews, and there is no allegation that Edward H. Andrews and E. H. Andrews are one and the same person. There is nothing in the complaint to show why Edward H. Andrews should recover of the defendant in this action upon the promissory note and mortgage declared upon." The title of the action in both the summons and complaint is "Edward H. Andrews vs. Charles H. Wynn." In the complaint it is alleged that the defendant, Charles H. Wynn, made, executed and delivered to "E. H. Andrews" his certain promissory note * * * and thereby promised to pay "E. H. Andrews," etc. A copy of the note is set out, in which the defendant promises to pay to the order of E. H. Andrews, etc. It is also alleged that to secure the payment of said note the defendant made, executed and delivered to E. H. Andrews a mortgage, and thereby mortgaged to said "E. H. Andrews," in fee, certain lands, etc. The only allegation in the complaint indicating in any manner that E. H. Andrews is the same person as Edward H. Andrews, the plaintiff, is the allegation: "And the plaintiff further states that there is now justly due the plaintiff upon said note and mortgage the sum of" $1,500, interest, etc. This however, is a conclusion of law from the facts previously stated in the complaint, and is not sufficient of itself to show that the plaintiff and said E. H. Andrews are one and the same. A court cannot take judicial notice that Edward H. Andrews and E. H. Andrews are one and the same person, or that E. H. is not the full christian name of a person. Gardner v. McClure, 6 Minn. 250 (Gill. 167); Nelson v. Highland, 13 Cal. 75; Maxw. Code Pl. 75.

The counsel for respondent contend that the action might have been maintained in the name of E. H. Andrews. Probably such a pleading might be sustained in some of the states. Zwickley v. Haney, 63 Wis. 464, 23 N. W. Rep. 577; Maxw. Code Pl. 75. But that question is not involved in this case.

The difficulty with the complaint in the case at bar is that one Edward H. Andrews brings the suit to recover on a note and mortgage apparently made to one E. H. Andrews, and that it is nowhere alleged in the complaint that Edward H. and E. H. are one and the same person, or that the note and mortgage were made, executed and delivered to the plaintiff; in other words, there is nothing in the complaint to show that the plaintiff is entitled to maintain the action.

Again, the counsel for respondent contended that under the last clause of Section 4927, Comp. Laws, which provides that "in an action or defense founded upon an instrument in writing for the payment of money only it shall be sufficient for the party to give the copy of the instrument, and state there is due to him thereon from the adverse party a specified sum which he claims," an allegation that the defendant made and delivered the note and mortgage to the plaintiff is implied, as was held in Marshall v. Rockwood, 12 How. Pr. 452. But in the well considered case of Payser v. McCormack, 51 How. Pr. 205, it was held that a similar provision in the New York code did not apply to an action to foreclose a mortgage, and that such an action is not an action for the recovery of money only, but to subject property to the payment of a debt. The doctrine laid down in the case last cited is substantially the same as that laid down in the case of Prindle v. Caruthers, 15 N. Y. 425. In that case the court of appeals of New York says: "The cases included in section one hundred and sixty-two (last clause) will not embrace the case of mutual promises where any stipulation is contained, other than for the payment of money on either side, nor to unilateral contracts of the same character. Thus limited, it will be confined almost exclusively to bills of exchange, promissory notes, and other written promises for the payment of money without any other stipulation." Had this action been brought on the note alone, the contention of counsel for respondent would have had much force, but, being brought to fore-

close a mortgage, the implied allegations to sustain the action cannot be supplied by intendment under the act. The implied allegations under the last clause of Section 4927 are limited to actions maintainable under that section, and cannot be extended to embrace ordinary actions under the code.

It is further contended by the counsel for the respondent that the objection is a mere technical one, and should be dis regarded, under the provisions of Section 4941, Comp. Laws which provides that "the court shall in every stage of the ac tion disregard any error or defect in the pleadings or proceedings which shall not effect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." But we are not not inclined to take this view of the defects in this complaint. Had the allegations of the complaint been that the note and mortgage were made and delivered to Elmer H. Andrews, and no assignment alleged, and no allegation that the plaintiff was the owner of the note and mortgage, could it be contended that the plaintiff could recover? We think not. If, then, as we have seen, E. H., in the absence of an affirmative showing, may be regarded as the Christian name of a person, the same rule would apply. Of course, any allegation that the plaintiff, Edward H., and E. H., to whom the note and mortgage were made, executed, and delivered, were one and the same person, would cure the defect. But until there is such an allegation, is this court authorized to say that such is the fact? We are of the opinion that it is not, and that we could no more hold that E. H. meant Edward H. than we could say Elmer H. meant Edward H. The complaint must on its face show that the plaintiff is entitled to the judgment prayed for.

Again, it is claimed by counsel for respondent, that a demurrer is not the proper remedy; that the defect is only a misnomer of the plaintiff that cannot be reached by demurrer. But we cannot agree with the learned counsel in this contention. There is no misnomer of the plaintiff. He is properly

named in the record, but he does not show that the note and mortgage on which the suit is brought were made or delivered to him, or transferred to him, or that he and E. H. Andrews were one and the same person, or that he has any right to recover upon them. In other words, he does not connect himself in any legal manner with the note and mortgage, but upon the face of the record they seem to belong to another party, from whom he shows no transfer or assignment. Our attention has been called to the case of Zwickey v. Haney, 63 Wis. 464, 23 N. W. Rep. 577, as supporting the complaint in this action, but we are of the opinion that that case does not aid the respondent. It would seem from the rather brief statement in the opinion of the court that the action was brought in the name of "M.. G., and C. Zwickey," but when judgment was taken that names of the plaintiffs, "Michael Zwickey, George Zwickey, and Casper Zwickey," were named as the plaintiffs therein, and it was insisted that the court should not presume that the persons named in the complaint were the same persons as those named in the judgment. But the court held that it must assume from the record that M. G. and C. stand for Michael, George, and Casper. Suppose, in the case at bar, the action had been brought in the name of E. H. Andrews, and on rendering judgment the full Christian name of Edward H. Andrews had been inserted as the plaintiff, we think this court would be authorized to presume that the trial court had before it proof that the Christian name of E. H. Andrews was Edward H. Andrews. But on demurrer we are not authorized to make such a presumption. The omission to state a fact in the complaint material to the plaintiff's right to recover cannot be supplied by intendment, unless it is a fact of which the court will take judicial notice, or other facts are stated that necessarily imply the existence of the fact omitted. We are of the opinion, therefore, that the demurrer should have been sustained, and the order overruling the same must be reversed. The order of the circuit court is reversed, and the circuit court is di-

rected to allow the plaintiff to amend his complaint as he may
be advised, within such time and upon such terms as the court
may deem just.

BENNETT, P. J., concurring.

KELLAM, J., (*concurring specially.*) I think the decision
of this case is right, but I have serious doubt about the pro-
priety of this court directing in advance how the discretion of
the trial court shall be exercised as to allowance of amend-
ments after the case is remitted. The direction is not import-
ant if confined to this case, but I understand it is made delib-
erately, and is intended to declare generally the authority of
this court and the propriety of its exercise in any case where,
on appeal, it holds a pleading defective, to direct the court be-
low to allow it to be amended. I think this is an unauthorized
interference with the discretion of the trial court. The allow-
ance or disallowance of amendments to pleadings is by statute
committed to the discretion of the trial court, and its rulings
in respect thereto will only be reviewed in ease of palpable
abuse. The test of abuse is not whether the trial court exer-
cised its discretion in a manner to please this court. Cases are
not infrequent where a reviewing court, while not approving
the discretionary acts of a lower court, refuses to disturb or
modify them. In making the order referred to, I think this
court usurps a power that belongs to the trial court,—that of
exercising its discretion as to when and how and upon what
terms pleadings may be amended in cases before it. There are
often facts and circumstances present with or judicially known
to the trial court, and not exhibited by the record which comes
here, that would and ought to influence such court in deter-
mining whether, in furtherance of justice, any amendment at
all ought to be allowed, and, if so, what, and upon what terms.
A question of discretion is not a question of law, and cannot
become so until the discretion is shown to have been abused.
Not until then does it become a law question which this court

may consider. Until such abuse is shown, I do not see any ground upon which this court can properly assume control over it. This case comes here as to an appellate court, to have reviewed the decision of the trial court. We not only review that, but go further, and volunteer to decide an independent question not yet presented to or passed upon by the trial court; a question, too, over which this court can never have jurisdiction, except upon a showing that the trial court has abused its discretionary power. It has not done so, for it has not yet acted at all in the matter, and to assume that it will be inclined to and will do so, unless controlled by the order of this court, is, to my mind, intolerable. Greeley v. McCoy, (S. D.) 54 N. W. Rep. 659, is not a precedent. In that case the order appealed from sustained a demurrer to plaintiff's complaint, and gave him —— days in which to amend, and fixed the terms. This court affirmed the ruling of the trial court, and at the request of the respondent added to its judgment an approval of its action ir giving time to amend. It did not undertake to substitute its discretion for that of the trial court. It simply affirmed the action of the trial court as expressly shown by the order appealed from, all of which fully appeared in the record. In my opinion, in this case the judgment of this court should simply reverse the decision of the trial court overruling the demurrer, and remand the case to the circuit court for further proceedings according to law.