[No. 3970.]

RUSSELL v. SHURTLEFF ET AL,

1. JUDGMENTS—JURISDICTION.

One of the essentials of a valid judgment is that the court pronouncing it must have jurisdiction to render that particular judgment, and if it appears from the record that the court acted without jurisdiction in pronouncing a judgment it is void.

2. JUDGMENTS—JOINT AND SEVERAL—RELIEF DEMANDED—JURISDICTION.

Section 169 of the code provides that if there be no answer the relief granted the plaintiff shall not exeed that demanded in the complaint. In an action against several defendants where plaintiff demanded a several judgment against each in proportion to his

interest in the subject matter of the suit and did not demand a joint judgment, the court had no jurisdiction to render a joint judgment against defendants who had not answered and as to such defendants a joint judgment was void. And the fact that some of the defendants had appeared by demurrer did not authorize greater relief against them than that demanded, because the right to such relief is predicated upon an answer. Neither is the general prayer for further relief such a demand as would authorize a judgment for greater relief than that specifically demanded.

3. SAME.

The amount of the judgment to which a plaintiff is entitled is a matter within the jurisdiction of the court to determine and an error in this respect does not make the judgment void. The limitation of the code implies that in case no answer is filed the judgment rendered must be of the character demanded in the complaint.

*Error to the County Court of Gilpin County.*

Mr. E. E. WHITTED and Mr. TYSON S. DINES for plaintiff in error.

Mr. W. H. DAVIS for defendants in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

On petition for rehearing it is strenuously urged that the reasons assigned in our former opinion for holding the original judgment entered in favor of the plaintiff in error void, are not tenable; that at most, the irregularities noticed, and upon which our decision was based, only rendered it voidable, and therefore not subject to attack by motion. On reconsideration of the case, we have concluded there is but one question necessary to determine, viz.: Was the judgment in question void? To determine this question, it is not necessary to notice those passed upon in the original opinion, and for that reason it will be withdrawn. The Salient facts are, briefly, these:

This action was commenced in the court below by plaintiff in

error to recover from the defendants in error the value of labor performed and materials furnished by him in the development of certain mining claims, it being alleged that such labor was performed, and materials furnished, at the instance and request of the defendants. The action was supplemented by an attachment, by virtue of which the interests of defendants in these claims were levied upon. Service of summons was by publication. Certain of the defendants apppeared and filed a general demurrer to the complaint. The surviving member of the firm of attorneys who had filed this demurrer, withdrew his appearance. Thereafter an order was entered ovrruling the demurrer, and immediately thereafter the default of all the defendants entered, and a joint judgment rndered against them for the total value of the labor performed and materials furnished, as alleged in the complaint. The original defendants and plaintiff were tenants in common of the mining property in question, their individual holdings or interests therein being stated in the complaint. The prayer of the complaint was for judgment for $1,138 (less one-fourth part thereof, that being the interest of plaintiff), with interest from March 1, 1885, in the proportion of the respective interests of the defendants, and for other and further relief as the court might deem just and equitable. Nearly eleven months after judgment, motions were interposed by certain of the defendants, the assignee of the interests of others, and the heirs and legal representatives of those deceased, to vacate the judgment, for the reason that it was void. This motion was sustained, and the defendants allowed to answer. A trial on the merits resulted in a judgment in favor of the defendants. The plaintiff assigns error on the action of the court in sustaining the motion to vacate.

Section 169 Mills Ann. Code expressly provides that if there be no answer the relief granted the plaintiff shall not exceed that which he shall have demanded in his complaint. The prayer of the complaint in this case was for a several judgment, in

proportion to the respective interests of the defendants. The one rendered was joint, for the entire sum. That this was error cannot be successfully controverted. Whether it rendered the judgment void or merely voidable, is the crucial question. One of the essentials of a valid judgment is, that the court pronouncing it must have jurisdiction to render that particular judgment —*Newman v. Bullock*, 23 Colo., 217; 12 Enc. Law (1st ed.), 246; and if it appears from the record of a judgment that the court in pronouncing it acted without jurisdiction, it is void. *People v. District Court*, 22 Colo., 422; *Brown v. Wilson*, 21 Colo., 309; *Great W. M. Co. v. W. of A. M. Co.*, 14 Colo., 90.

The distinction between void and voidable judgments is often refined and difficult of solution. "A judgment may be erronous and not void, and it may be erroneous *because* it is void"—*Ex Parte Lange*, 18 Wall., 163. There can be no doubt, as stated in *Newman v. Bullock, supra*, "that the tendency of the later authorities, epsecially in the federal courts is to enlarge the definition of jurisdiction to make it include not only the power to hear and determine, but also the power to render the particular judgment in the particular case." This doctrine is based upon the proposition that if a court is not invested with power to render a particular judgment, its attempt to do so is without its jurisdiction, and must not be confounded with the proposition that the rendition of an erroneous judgment within its power is but the erroneous exercise of its jurisdiction. With full jurisdiction to pronounce a judgment which would be binding upon the defendants and their property, the power and authority of the county court was limited by definite, statutory provisions as to the character of relief which could be granted against defendants who had not answered. By directing a joint judgment when an individual one only was prayed for, the trial court transcended its authority, and violated express statutory commands; for although its jurisdiction attached to the parties, a judgment not within the powers granted by the law of its organization is

void. *Ex Parte Lange, supra; United States v. Walker,* 109
U. S., 258.

*United States v. Walker* was an action by an administrator
*de bonis non* on the bond of an administratrix to recover money
received for assets of the estate collected by the latter, and which
by order of the court, in the settlement of her account as ad-
ministratrix, she was directed to pay over to the administrator *de
bonis non.* The law of the jurisdiction under which the ad-
ministratrix acted provided that upon the removal of an adminis-
trator the court shall have authority to direct that assets of the
deceased in his hands which may remain unadministered, be de-
livered to the newly appointed administrator. The court con-
cluded that this statute did not change the common law rule, to
the effect that an administrator *de bonin non* derives his title
from the deceased, and not from the former administrator; that
to him is committed only the administration of the assets of the
deceased which have not been administered; and therefore, assets
of the estate which had been converted into money by the former
administrator, were funds to which he was not entitled. It was
urged that the decree directing the administratrix to pay over
these funds to her successor was conclusive in the suit upon her
bond, for the reason that such decree could not be collaterally
attacked. The supreme court held to the contrary, because, as
stated in effect, the court directing the decree exceeded its juris-
diction, in that its authority for making the order was limited
to assets of the decedent in the hands of the administrator which
were not administered upon.

*Bigelow v. Forest,* 9 Wall., 339, was an action of ejectment.
Bigelow, who was defendant in the trial court, relied for title
on a sale made under a decree of the United States district court
rendered in a proceeding for the confiscation of the premises
sued for under the act of July 17, 1862. This act provided that
the property of an officer of the army or navy of the Confederate
Government might be seized and sold, which proceeding should

operate to divest the owner of the property so seized of any interest therein during the life. Under this act a decree had been rendered which purported to direct a sale of the property in fee. The heir of the owner claimed that the decree was void, in so far as it purported to direct an unconditional confiscation of the property in question. In the action of ejectment, it was contended that this question could not be raised collaterally. The supreme court said: "Doubtless a decree of a court having jurisdiction to make the decree cannot be impeached collaterally, but under the act of congress, the district court had no power to order a sale which should confer upon the purchaser rights outlasting the life of French Forest;" and the court therefore held that so much of the decree of the court in which the confiscation proceedings were had as was in excess of its powers, was void.

*Windsor v. McVeigh,* 93 U. S., 274, is also a case where the question as to when a judgment may be collaterally attacked is considered. In that case it was said: "The doctrine invoked by counsel, that where a court has once acquired jurisdiction, it has a right to decide every question which arises in the cause, and its judgment, however erroneous, cannot be collaterally assailed, is undoubtedly correct as a general proposition, but, like all general propositions, is subject to many qualifications in its application. * * * Though the court may possess jurisdiction of a cause, of the subject matter, and of the parties, it is still limited in its modes of procedure and in the extent and character of its judgments. It must act judicially in all things, and cannot then transcend the power conferred by the law. *. * * The doctrine stated by counsel is only correct when the court proceeds, after acquiring jurisdiction of the cause, according to the established modes governing the class to which the case belongs, and does not transcend in the extent or character of its judgment, the law which is applicable to it."

In the case at bar, when the court directed a joint, instead of a several judgment, as prayed in the complaint, in the face of

an express provision of the code that the relief granted in the circumstances of this case could not exceed that prayed, for, it did that which was beyond its power and foreign to its authority, and hence, without its jurisdiction. 1 Freeman's Judgments, (4th ed.) section 116. The fact that certain of the defendants appeared by demurrer did not authorize greater relief as against them than that demanded, because the right to such relief is predicated upon an answer. Neither is the general prayer for further relief of any avail in this instance. The code provides that the complaint shall contain "a demand for the relief which plaintiff claims"—Sec. 49 Mills Ann. Code. The relief which the statute contemplates shall be granted in the absence of an answer is *the* relief demanded. A general prayer is not such a demand. *Kelly v. Downing,* 42 N. Y., 71; Bliss' Code Pleadings, (2nd ed.) sections 160, 161.

We are of the opinion that our conclusion that the judgment of the county court should be affirmed is correct, and the petition for rehearing should, therefore, be denied.

The original opinion is withdrawn, the petition for rehearing denied, and the judgment below affirmed.

*Affirmed.*

### On Petition for Rehearing.

*Per Curiam.*—The decision in this case is not based upon the fact that the trial court rendered a judgment against the defendants in excess of that demanded in the complaint. The amount of the judgment to which plaintiff was entitled was a matter within the jurisdiction of the court to determine, and although it erred in this respect, such error did not render the judgment void. The limitation of the code necessarily implies that in case no answer is filed, the judgment rendered must be of the character prayed for in the complaint. The judgment being joint, instead of several, was of an essentially different character from that demanded by the plaintiff.

*Petition for rehearing denied.*