WISCONSIN NATIONAL LOAN AND BUILDING ASSOCIATION, Respondent, vs. PRIDE, imp., Appellant.

*May 14—June 5, 1908.*

(1) *Pleading: Default: Requiring proof before judgment.* (2) *Building and loan associations: Forfeiture of shares: Fines.* (3–5) *Mortgages: Foreclosure: Judgment for deficiency: Appeal: Receivers.*

1. In the absence of denial the allegations of the complaint stand confessed as against other than infant or nonresident defendants, although the trial court may, in its discretion, require proof thereof before rendering judgment.

2. Where a building and loan association has terminated the membership of a person in arrears, by declaring the shares forfeited, under sec. 2014, Stats. (1898), fines cannot thereafter be imposed for default in payment of instalments on his stock. These fines are imposed on the member in his capacity as such and are not authorized for default in the payment of interest on moneys borrowed by him in his capacity of a debtor or mortgagor.

3. In a judgment of foreclosure of a mortgage an order for the entry of a personal judgment for any deficiency is erroneous if there was no answer and no specific demand in the complaint for such deficiency judgment.

4. The erroneous inclusion, in the foreclosure judgment, of an or-
   der for personal judgment for deficiency, is ground for appeal
   although it does not appear that there will be any deficiency.
5. It was not an abuse of discretion to order, in a foreclosure judg-
   ment, that a receiver be appointed, on motion, if the premises
   should cease to be occupied as a homestead, where there was
   no denial of allegations in the complaint that the defendants
   had committed waste upon the premises by permitting them
   to be sold for taxes, that the premises are inadequate security
   for the mortgage debt, and that plaintiff fears further acts of
   waste, and where the mortgage expressly assigned the rents
   and profits to the mortgagee.

APPEAL from a judgment of the circuit court for Milwau-
kee county: J. C. LUDWIG, Circuit Judge. *Modified and
affirmed.*

Action to foreclose mortgage executed jointly by the ap-
pellant and Charles A. Pride, her husband, upon real estate
in Milwaukee owned by them jointly. The complaint al-
leges default in payments of interest and instalments upon
the stock in the plaintiff corporation, which were conditioned
to be paid in the bond and mortgage, the accrual under the
by-laws of fines to the amount of $55 at the time the action
was commenced and at the rate of five cents per share per
month on each instalment then and thereafter to be due, and
also plaintiff's election to declare the mortgage debt due in
its entirety; also that the premises are inadequate security,
waste is threatened thereon, and that defendants have per-
mitted the same to be sold for delinquent taxes. Answer,
admitting most of the material allegations, was interposed by
Charles A. Pride, but the appellant, though personally served
with summons, did not answer, but appeared by attorney and
was represented on the trial. The court rendered judgment
for the amounts alleged to be due for principal and interest,
for $119 of fines, and for other items secured; provided for
foreclosure and sale of the mortgaged premises, and ordered
personal judgment against both defendants for any defi-
ciency that might arise; also ordered, in case the premises

cease to be occupied as a homestead, that a receiver might be appointed upon motion.     From this judgment *Sarah E. Pride* appeals.

For the appellant *Pride* the cause was submitted on the brief of *Turner, Hunter & Goff.*

*Pierson L. Halsey,* for the respondent.

DODGE, J. 1. The first assignment of error is absence of evidence to support the finding of a liability secured by the mortgage for $119.25 of fines, or of any sum, for the reason that no proof was made of by-laws authorizing such fines, nor of any corporate action imposing them.    The complaint alleges that the fines imposed in accordance with the by-laws amounted at the time of the commencement of the action to $55.65, and that further fines would accrue at the rate of five cents per share per month on each instalment, and a witness testified that, so computed, the amount at the date of the findings was $119.25.    As against appellant these allegations of the complaint were without denial, she having interposed no answer.    In the absence of denial the allegations of the complaint stand confessed in nonpresence of infant or nonresident defendants, although a discretion rests in the trial court to require proof thereof before rendering judgment if he shall think necessary to safety.    *Sibley v. Weinberg,* 116 Wis. 1, 92 N. W. 427.    This rule would justify the judgment but for the fact that plaintiff did introduce evidence which is brought before us by the bill of exceptions. By that evidence, and by the undenied allegations of the complaint, it was established that at or before the time of commencing this action the corporation had exercised its right under sec. 2014, Stats. (1898), to forfeit the defendant Charles A. Pride's shares of stock and to terminate his membership therein.    It is very obvious that the statute does not contemplate that a person shall continue liable month by month for fines upon instalments agreed to be paid on stock

in a building and loan association after he shall have ceased to be such member by the act or consent of the corporation. These fines under the statute are imposed on the member in his capacity as such. They are not authorized to be imposed for default in payment of interest on moneys that he may have borrowed from the corporation in his capacity of a debtor or mortgagor. Therefore, while the court's allowance of fines to the extent of $55.65 accrued to the time of forfeiture is supported by the allegations of the complaint and not refuted by evidence, the amount allowed for fines accruing after that time and included in the judgment is in defiance of undisputed evidence, and the inclusion thereof in the judgment was a material and prejudicial error.

2. The judgment orders the entry of a deficiency judgment against the appellant. The right to such a judgment in the foreclosure of a mortgage is purely statutory. *Witter v. Neeves,* 78 Wis. 547, 47 N. W. 938; *Marling v. Maynard,* 129 Wis. 580, 109 N. W. 538. The only support therefor is sec. 3156, Stats. (1898), providing that the plaintiff may unite with his claim for foreclosure "a demand for judgment for any deficiency." The complaint before us contains nothing in addition to the prayer for foreclosure and sale except the usual prayer for general relief, "as is provided by law in such cases and as may be just and equitable." This is in no reasonable sense a demand for the special statutory deficiency judgment contemplated by sec. 3156. It does not fairly notify a defendant of any purpose on the part of the plaintiff to seek such relief. By sec. 2886, Stats. (1898), it is provided: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint." In view of these considerations, and the clear words of the statute, we cannot doubt that the portion of the judgment ordering a deficiency judgment is erroneous because in excess of the relief demanded in the complaint. Sec. 2886, Stats. (1898); *Zwickey v.*

*Haney,* 63 Wis. 464, 23 N. W. 577; *McKenzie v. Peck,* 74 Wis. 208, 42 N. W. 247. It is suggested that no appeal lies therefrom for the reason that the appellant is not as yet injured, because there may be no deficiency. While this argument is not without weight if the question might be considered *res nova,* it is in defiance of numerous decisions of this court to the effect that such a judgment as now before us is the final judgment in the action, conclusive of the rights of the parties, and that erroneous inclusion therein of an order for personal deficiency judgment is ground for appeal therefrom. *Gaynor v. Blewett,* 86 Wis. 399, 57 N. W. 44; *Pereles v. Leiser,* 123 Wis. 233, 101 N. W. 413.

3. Further error is assigned on the order for appointment of a receiver upon motion on the foot of the judgment in case the premises cease to be occupied as a homestead. This order is supported by the undenied allegations of the complaint that defendants have committed waste upon the premises by permitting them to be sold for taxes, that the premises are scant and inadequate security for the sum secured, and that plaintiff fears further acts of waste. These allegations are taken as true, and are supplemented by the express agreement in the mortgage assigning to the plaintiff the rents and profits. We cannot think the order for a receiver, after the defendants shall have abandoned their homestead occupation, is an abuse of judicial discretion.

*By the Court.*—Judgment is modified as of its date by reducing the amount due on the mortgage to $5,696.81 and by reducing the total amount adjudged in favor of the plaintiff to the sum of $6,036.81; and it is further modified by striking therefrom the order that judgment be rendered against the appellant, *Sarah E. Pride,* for the deficiency arising on foreclosure sale. As so modified it is affirmed; the appellant to recover costs in this court.