[No. 7812.]

## JAHL v. LEWIS.

PLEADINGS—*Prayer—Execution Against the Body*, is not to be awarded upon judgment by default, unless expressly demanded in the complaint, even though the complaint states a cause of action entitling plaintiff to the process if it had been prayed (Rev. Stat. § 3024, Rev. Code § 186.)   (112)

*Error to Denver District Court.*—Hon. JAMES H. TELLER, Judge.

Messrs. MULLINS & HELLER  and Mr. FRANK MCLAUGHLIN, for plaintiff in error.

Mr. LAWRENCE LEWIS, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

In the court below, the plaintiff Lewis filed his complaint against the defendant Jahl, praying for "judgment against the defendant for compensatory damages in the amount of $750.00, with interest thereon at eight per cent. per annum, from the eighteenth day of December, A. D. 1909, less fifty dollars, and for his costs herein; and that in addition thereto the plaintiff have judgment against the defendant for punitive damages in the sum

of $500.00.'' A summons was issued and served upon the defendant, which stated that the action was in the nature of an action for deceit, to recover the compensatory and exemplary damages set out as they were in the prayer. The defendant made no appearance. His default was entered and judgment rendered thereon for $825.00 and costs, and further that the plaintiff have execution against the body of the defendant, and that the latter, on such execution, be confined in the county jail for nine months, or until the judgment be paid and satisfied. Later the defendant moved to modify the judgment by striking out the part thereof relating to the execution against the body, on the alleged ground that it was improperly ordered. This motion was overruled. The defendant then moved to set aside the judgment, and therewith tendered an answer, which motion was also overruled.

Neither in the complaint or the prayer, nor in the summons was there any intimation that the plaintiff desired or intended to invoke the extraordinary remedy of an execution against the body of the defendant. While the complaint contained allegations of fraud and willful deceit, and the summons stated that it was an action in the nature of one for deceit, and that the defendant had obtained a loan of money from the plaintiff through fraud, yet the statutory relief on account of such wrongs that was requested by the plaintiff was a money judgment for exemplary damages as provided in sec. 2067 Rev. St.

The prayer of the complaint and the summons apprized the defendant that the relief sought by the plaintiff was a money judgment, the costs, and, at most, an ordinary execution for enforcement. Sec. 3024 Rev. St. provides, ''In any civil action, pending or hereafter brought in a court of record * * * where it shall appear from the summons and other papers in the cause, that the action is founded upon tort * * * the plaintiff may have execution as hereinafter provided against the body of any defendant,'' etc.

The action was a civil action brought in the district court. Sec. 1 of the code of civil procedure provides that a civil action shall be prosecuted and defended as provided in that code. Chapter 11 of the Rev. Code, '08 relates to judgment by default, and sec. 2 thereof, being gen. sec. 186, is as follows:

"The relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

The preceding sec. 185 provides that in an action arising upon contract for the recovery of money or liquidated damages only, the clerk shall enter the default of the defendant, and immediately thereafter, if the complaint is verified, enter judgment for the amount specified in the summons. And in other actions the clerk or judge shall enter the default, and, thereafter, the plaintiff may apply at any time to the court or judge for the relief demanded in the complaint. Sec. 55 of the Code provides what a complaint shall contain, and the third and last thing mentioned is a "demand for the relief which the plaintiff claims, and if the recovery of money or damages be demanded the amount thereof shall be stated."

This demand for relief, which a plaintiff claims, is generally referred to as the prayer, and when sec. 186 speaks of what is demanded in the complaint, it undoubtedly refers to the demand or prayer mentioned in sec. 55.—*Russell v. Shurtleff*, 28 Colo. 414 at 420, 65 Pac. 27, 89 Am. St. 216. In *Kayser v. Maugham*, 8 Colo. 232, 6 Pac. 803, speaking with reference to the effect of sec. 150 Code 1883, which was the same as sec. 186 Rev. Code '08, this court said, that the office of the prayer for relief required by sec. 55 aforesaid "would seem to be that of indicating the relief allowable where no answer is filed; in contested cases the prayer is a matter of no significance."

The relief which a plaintiff may have is a judgment and the means of enforcing it. The judgment is but a part of the relief, for without the remedy or means of enforcement the judgment can not be made effective. It may be conceded that a demand for judgment for a certain amount of compensatory damages and a certain other amount of exemplary damages, carries with it a demand for an ordinary execution against the property of the defendant, and that on default, for failure to answer, the court may, on such demand, render a money judgment, and order an ordinary execution, though the latter is not specifically prayed for. A defendant cannot say that an ordinary execution was not demanded, in such a case, to collect the judgment asked for; for it goes without saying that if a plaintiff obtains a simple money judgment it is his intention to endeavor to collect it by ordinary means. A money judgment comprehends an execution against the property of the defendant. However, a judgment must include something more than a mere judgment for money before an execution will issue against the body of a defendant. The court must enter the term, not exceeding a year, for which he shall be committed to jail. Sec. 3025 Rev. Stat. In case of a simple money judgment, only the property of the defendant can be taken from him, while in case of a judgment that will support the extraordinary relief of a body execution, he is deprived of his personal liberty. So that a demand for a money judgment only, which will include a demand for an ordinary execution against property, is one thing, while a demand for a judgment that will support an extraordinary execution against the body, under a highly penal statute, is another.

It may be argued that the relief granted in this case was consistent with the case made by the complaint, and that the court made the proper findings to support that relief. That may be so, and had there been an answer, the judgment may not have been erroneous, in view of the opinion in *Kayser v. Maugham, supra;* but there was no answer, and in such a case the statute plainly says

that the relief granted shall not exceed that demanded in the complaint. The exact question has never been passed upon by this court. In *Wilbur v. Maynard*, 6 Colo. 483, a husband was joined as codefendant with his wife. No relief was demanded against him in the complaint. It was held that upon default, there being no answer, judgment should have been rendered against the wife alone. In *Russell v. Shurtleff, supra,* the prayer of the complaint was for a money judgment, in the proportion of the respective interests of the defendants and for general relief. On default, for failure to answer, the judgment rendered was a joint one for the entire sum. This court held that under sec. 186 of the Code, such a judgment was wrong because it exceeded the relief demanded in the complaint, and that a general prayer was not such a demand as the statute contemplates.

In *Ruth v. Smith*, 29 Colo. 154, 68 Pac. 278, it was held error to enter judgment upon default for $86.00 when the amount demanded in the complaint was $60.00. In *Pickett v. Handy*, 9 Colo. App. 357, 48 Pac. 280, there were two defendants, only one of whom answered; judgment was prayed for a certain amount, but interest was not demanded; it was held erroneous to give judgment for the amount prayed for and interest. In *McKenzie v. Peck*, 74 Wis. 208, 42 N. W. 247, the action was for a balance due for work in skidding and hauling logs, for which a statute gave a lien on the logs. The complaint alleged all facts essential to entitle the plaintiff to the statutory lien, but the only relief prayed for was a money judgment. The defendant made no appearance, and, on default, judgment was rendered for the money due, and for a lien upon the logs. The statute provided the same as our sec. 186, that where no answer is filed the relief cannot exceed that demanded in the complaint. The court said:

> "That portion of the judgment which makes the amount thereof a lien upon the logs skidded and hauled by the plaintiff cannot be upheld. No such relief is demanded in the complaint, and no answer

has been interposed. In such case the statute is imperative that the relief cannot exceed that demanded in the complaint. It is immaterial that the complaint alleges sufficient facts to show the plaintiff entitled to a lien, had he demanded it. In the absence of such a demand, and of an answer, those allegations are inoperative. R. S. sec. 2886. The case of *Zwickey v. Haney,* 63 Wis. 464, [23 N. W. 577] is identical in principle with the present case. See also *Eldeman v. Kidd,* 65 Wis. 25, [26 N. W. 116] and *Morris v. Peck,* 73 Wis. 482, [41 N. W. 623]. But it is unnecessary to cite adjudications on the subject, for the statute is too plain and imperative to admit of any question as to its meaning, or any evasion of its requirements. That it rules a case under the law giving a lien upon logs and timber for labor performed thereon, we cannot doubt.''

In *Northern Trust Co. v. Albert Lea College,* 68 Minn. 112, speaking of a like statute, it was said:

''The reason and fairness of this statutory rule, which is practically the old equity rule, is obvious. The defendant by his default submits, without contest on his part, to the court, only the claim of the plaintiff for the relief prayed in the complaint. But if a different or greater relief were demanded, he might appear and contest it as unjust; hence the statute wisely limits the power of the court in awarding judgment by default to that asked for in the complaint, to the end that the defendant may safely omit to appear in cases where he is willing to submit to the court, without contest, the claim of the plaintiff to the specific relief invoked in his complaint.''

In *Leland & Co. v. Rose,* 11 La. Ann. Rep. 69, plaintiff petitioned that the defendant, in default of payment of the judgment, be compelled to surrender his property. Upon the filing of the defendant's schedule, the plaintiffs filed charges of fraud, asking that the prayer of the defendant for exemption be rejected, and also for general relief. The district judge refused to imprison the defendant, for the reason that the plaintiffs had in no

part of their pleadings asked for that remedy, and that the defense could not have been conducted with reference to such a demand. The appellate court held that the district judge was right and said:

"It is true there is also a prayer for general relief, and in such cases we hold that the party making it are (is) entitled to any and all ordinary decrees or orders which the pleadings and evidence under the pleadings may justify; but this relief does not extend to the extraordinary remedy of the imprisonment of a debtor under a highly penal statute. The presumption is, when a party fails to invoke such a remedy, that he waives it, and the defense is conducted accordingly."

In the case at bar, the district court evidently rejected the plaintiff's demand for exemplary damages in money on account of the fraud alleged, and, in place of this relief which was demanded, substituted the extraordinary relief of imprisonment, which was not demanded at all. In this the court exceeded its authority.

The judgment is affirmed, in so far as the recovery of $825.00 and costs is concerned, and reversed as to the part allowing execution against the body of the defendant, and ordering him imprisoned, and the cause is remanded for such further proceedings as may be in accordance with law, if any can be had.

*Judgment affirmed in part and reversed in part.*

Decision *en banc.*

Mr. JUSTICE GABBERT, Mr. JUSTICE WHITE and Mr. JUSTICE HILL not participating.