WEILAND, Respondent, v. TOWNSEND, Appellant.

(238 N. W. 300.)

(File No. 7103.   Opinion filed October 5, 1931.)

*H. Van Ruschen,* of Salem, for Appellant.

*Morgan & Eastman,* of Mitchell, for Respondent.

CAMPBELL, J.   Plaintiff instituted this action in claim and delivery to recover possession of an automobile.   Defendant demurred to the complaint upon the ground that the same did not

state facts sufficient to constitute a cause of action, and from an order overruling his demurrer has appealed.

Respondent in his complaint predicated his right to possession of the automobile upon the fact that appellant had executed and delivered to one Siberz a chattel mortgage upon said automobile, which mortgage and the indebtedness thereby secured had been assigned to respondent, and that there was default in the conditions of said mortgage whereby respondent was entitled to the possession of the automobile for the purpose of foreclosure, and whether or not the complaint sufficiently alleges default in the conditions of the mortgage is the only substantial question presented by this appeal.

The complaint sufficiently alleges the execution and delivery of the mortgage upon the automobile in question by the appellant for the purpose of securing the payment of two promissory notes, each in the amount of $400, with interest at 8 per cent, due respectively March 1, 1930, and September 1, 1930, and sufficiently alleges an assignment and delivery of said notes and the mortgage to respondent prior to the maturity of either of said notes, and that respondent has ever since been the owner and holder thereof. The action was instituted June 15, 1930, and alleges appellant's failure to pay the note coming due March 1, 1930, and the interest thereon, and further alleges as follows: "That said chattel mortgage contained a provision that in the event of the failure on the part of the mortgagor to pay the said note, or notes, when they became due, or the interest thereunder, that then and in that event the mortgagor might declare the whole of said sums, secured by said mortgage, to be due and payable; that the payment of the note due on March 1st, 1930, has not been made, nor has any of the interest due on either of said notes, and plaintiff, as the owner and holder thereof, has elected to and does declare the whole of the said notes and interest thereunder, to be due and payable, and has demanded such payment from the defendant; that there is now due and owing on said notes and chattel mortgage the sum of $800.00, together with interest thereon at the rate of 8% per annum from and after August 30th, 1929, no part of which said sum has ever been paid." The complaint also alleges the value of the automobile to be $800; that the same is in possession of appellant, and that respondent has duly demanded possession there-

of for the purpose of foreclosure, which possession appellant has failed and refused to surrender, and the prayer is in the usual form for the possession of the automobile or the value thereof in case delivery cannot be had.

Attached to the complaint and made a part thereof by reference as Exhibit A is a copy of the chattel mortgage, from an inspection of which copy it appears that, as a matter of fact, the mortgage does not contain any acceleration clause as alleged in the portion of the complaint hereinbefore quoted.

It is the contention of appellant that, lacking such acceleration clause, there is no default in the conditions of the mortgage entitling respondent to possession of the res for foreclosure until the entire amount of the indebtedness secured by the mortgage becomes past due and unpaid.

Respondent concedes the nonexistence of the acceleration clause and admits the allegation of the complaint with reference thereto is erroneous, but nevertheless maintains that there was a breach of the conditions of the mortgage sufficient to entitle respondent to take possession of the automobile and foreclose the mortgage when the first note thereby secured became due and was not paid.

The mortgage describes the two notes to secure the payment of which it was executed, and provides that, if the mortgagor "shall pay or cause to be paid * * * the sum of eight hundred and no one-hundredths dollars according to the conditions of two certain promissory notes * * * described as follows, to wit * * * then these presents to be void and of no effect. But if default shall be made in the payment of said sum of money or the interest thereon at the time the said notes shall become due * * * then thereupon and thereafter it shall be lawful, and the said first party hereby authorizes said second party, its successors or assigns * * * to take the said property, wherever same may be found, and hold, sell or dispose of the same and all equity of redemption at public auction with notice as provided by law. * * *" The covenant of the mortgage was for the payment of the sum of $800 according to the conditions of the two notes described in the mortgage. When appellant failed to pay the first due note at maturity, manifestly he breached to that extent the mortgage covenant for the payment of the money according to the conditions of the notes. And it seems too plain for argument that respondent

was thereupon entitled to the possession of the res for the purpose of foreclosure.

Whether respondent, under those circumstances, upon obtaining the res, would be entitled to foreclose the mortgage for the entire amount of the mortgage debt, or would be limited to a foreclosure for the amount of the note past due and unpaid, is a question which might perhaps arise when respondent, having secured the res, instituted foreclosure proceedings. That question, however, is not presented upon this record, and we express no opinion thereon. This is purely a possessory action, and, the conditions of the mortgage having been breached, respondent is entitled to possession for purposes of foreclosure regardless of what his precise rights may be with reference to the foreclosure when he undertakes the same.

Appellant presents a further point, which seems to us so frivolous that we mention it only in the hope that we may thereby prevent appellant from petitioning for rehearing upon the ground that we overlooked the same. The name of appellant is R. W. Townsend. The copy of the mortgage attached to the complaint shows the signature thereon as W. R. Townsend. Appellant says in his brief as follows: "The complaint is further fatally defective for failure to state a cause of action against this appellant, R. W. Townsend, for the reason that it shows upon its face that the chattel mortgage upon which it is founded was not executed by said appellant at all but by one W. R. Townsend and there is no allegation of any kind to the effect that said R. W. and W. R. were one and the same person." In support of that position appellant cites Andrews v. Wynn, 4 S. D. 40, 54 N. W. 1047. The most casual reading of that case shows that it is no authority for the position now sought to be maintained by appellant. The instant case is instituted against the appellant as R. W. Townsend. The complaint specifically alleges that the mortgage was executed and delivered by the appellant. Without any regard to what may be the form of signature on the mortgage, the complaint amply alleges that it is appellant's mortgage executed by him upon his property, and now owned and held by respondent.

The entire appeal is utterly lacking in merit, and the order of the learned trial judge is affirmed.

POLLEY, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.