GEER and others, Respondents, vs. HOLCOMB, Appellant.

*March 12 — March 27, 1896.*

*Replevin: Withdrawal of answer: Amendment of complaint: Measure of relief.*

The defendant in an action of replevin commenced in justice's court having, when the cause came on for trial in the circuit court on appeal, withdrawn his answer and left the court room, it was error to allow the complaint thereafter to be amended so as to increase the amount alleged as the value of the property, since the case then stood as if there had never been any answer, and, under sec. 2886, R. S., the relief granted could not exceed that originally demanded in the complaint.

APPEAL from a judgment of the circuit court for Waushara county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Replevin. The facts are stated in the opinion.

For the appellant there was a brief signed by *S. A. Corning*, and oral argument by *Mr. Corning* and *Mr. Geo. W. Bird.*

For the respondents there was a brief by *Cate, Sanborn, Lamoreux & Park,* and oral argument by *A. W. Sanborn.*

Geer and others vs. Holcomb.

CASSODAY, C. J.    This is an action of replevin commenced in justice's court to recover 200 bushels of potatoes, which the affidavit in behalf of the plaintiffs states were of the value of $100, and that the same had been unjustly taken and were unjustly detained by the defendant.    The defendant answered by way of a general denial.    The defendant having obtained judgment in the justice's court, the plaintiffs appealed to the circuit court, and after a change of the venue the cause came on for trial, whereupon the defendant filed a stipulation in writing to the effect that the plaintiffs take judgment therein against him without further proof. The defendant then withdrew his answer, and from any further participation in the case, and from the court room. The cause was then called for trial, and the plaintiffs waived a jury, and the case was tried by the court.

At the close of the testimony the court found, as matters of fact, in effect, that the plaintiffs were the owners and entitled to the possession of the potatoes; that their value was $150; that the defendant unjustly and unlawfully withheld the possession thereof, to the damage of the plaintiffs six cents.    Judgment was thereupon entered accordingly, and that in case a delivery thereof could not be had the plaintiffs should have and recover of the defendant the sum of $150, being the value of the potatoes, with six cents damages, and $80.71 costs and disbursements; and it was therein ordered and adjudged that the plaintiffs' complaint therein be, and the same was thereby, amended so as to allege that the value of said property described therein was $150 instead of $100.    From that judgment the defendant brings this appeal.

Under the statute the affidavit was the complaint in the action.    R. S. sec. 3739.    The action is subject to the same usages, rules, and regulations as other cases before a justice's court, as far as the same are applicable.    R. S. sec. 3740.    In such an action it is necessary for the plaintiff, whether the

defendant be present or not, to prove all the allegations of his complaint. R. S. sec. 3742. The defendant appears to have taken the property and given his undertaking as required by the statutes. R. S. secs. 3759, 3760. The statute provides that "the relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue." R. S. sec. 2886. The defendant, having withdrawn his answer and from the court room, left the plaintiffs in the same position as they would have been had there never been any answer in the case. Certainly it cannot be that the relief subsequently granted was consistent with the case made by the complaint and embraced within the issue. *McKenzie v. Peck*, 74 Wis. 208, and cases there cited. It was error for the court to allow the complaint to be amended after the defendant had withdrawn his answer and from the court room.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment in favor of the plaintiffs and against the defendant, the same as if the complaint had never been amended.