Doolittle v. Keller, 184 Wis. 625.

For the appellant there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

For the respondent there were briefs by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Walter D. Corrigan.*

---

DOOLITTLE and others, Respondents, vs. KELLER, imp., Appellant.

*September 19—October 14, 1924.*

*Costs: Foreclosure of land contract: Junior lienholders.*

1. Under sec. 2886, Stats., a plaintiff in an action to foreclose a land contract who prayed for possession and for the foreclosure of the rights of defendant, a junior lienholder, and for "such other or further relief as may be just and equitable," is not entitled to recover costs of the defendant, who put in an appearance but made no defense. p. 626.

2. Though courts of equity have a discretion as to costs, such discretion must not be exercised arbitrarily or in violation of statute. p. 627.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Reversed.*

The cause was submitted for the appellant on the brief

of *Orth & Orth* of Milwaukee, and for the respondents on that of *L. A. Doolittle* of Eau Claire.

JONES, J.  The plaintiffs commenced this action for the strict foreclosure of a land contract made between them and the Highlands Sheep Company.  The appellant owned two mortgages on the same property which were executed by the Highlands Sheep Company and were subsequent to the land contract.  The appellant made appearance in the action but interposed no defense.  Judgment was entered by default, and the appellant appealed from that portion of the judgment which awarded costs and disbursements against the defendants in the sum of $80.52.  No bill of exceptions was settled, and the appellant claims that the judgment for costs and disbursements is not supported by the record.  The complaint prayed that the defendant be debarred and foreclosed of all right and claim to the premises and that the plaintiffs recover possession, "and that the plaintiffs have such other or further relief as may be just and equitable."

The only question involved on this appeal is whether judgment for costs against appellant should have been allowed.  Since he held incumbrances subsequent to the lien sought to be foreclosed, he was a necessary party for the complete determination of the rights of the parties.

It is argued by the respondent that it was not necessary for him to make any appearance, as without it his rights would have been fully protected and no burden of serving notice of future proceedings would have been imposed on the plaintiffs.  Although this may be true, yet persons who are sued have the right to appear in order that they may know what transpires and see that their rights are not disregarded, although they may not desire to defend.  The statute prescribes, sec. 2886:

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him

any relief consistent with the case made by the complaint and embraced within the issue."

No case is cited, and we have found none, in which the exact point here presented has been decided. It has been held in several cases that it is error to take judgment, where there is no answer, for a greater amount or other relief than that demanded in the complaint, although the complaint contains the prayer for general relief. It was so held where on foreclosure of a mortgage there was a judgment for deficiency not demanded in the complaint. *Zwickey v. Haney,* 63 Wis. 464, 23 N. W. 577; *Wis. Nat. L. & B. Asso. v. Pride,* 136 Wis. 102, 116 N. W. 637. The rule declared in the statute was enforced in an action for replevin. *Geer v. Holcomb,* 92 Wis. 661, 66 N. W. 793. It will be seen that the statute applies to both legal and equitable actions.

Although by another statute, in equity the courts have a discretion as to costs, it is well settled that such discretion must not be arbitrary or in violation of statutes as to costs. The circumstances may be such that a plaintiff does not desire costs to be taxed in his favor. If he does so desire, it is no hardship to make the demand.

*By the Court.*—Judgment reversed as to the appellant.