## ALLEN *v.* ALLEN.

### Opinion delivered May 31, 1926.

1. DIVORCE—ALLOWANCES OF TEMPORARY ALIMONY AND SUIT MONEY.— In making allowances for temporary alimony and suit money in a divorce case before trial of the suit, the court should not consider property conveyed to the husband's mother before marriage which the mother reconveyed to him with reservation of the right to control the property and receive the rents and profits, where there was no proof that the conveyance was fraudulent or that the husband was receiving the rents and profits.

2. DIVORCE—ALLOWANCE OF ATTORNEY'S FEE.—Allowance of an attorney's fee of $500 in a divorce suit before trial of the issues *held* excessive and reduced to $250, since it cannot be determined in advance what fee will be earned.

3. DIVORCE—FRAUDULENT CONVEYANCE BY HUSBAND.—Whether a conveyance by a husband to his mother shortly before his marriage was in fraud of the wife's marital rights cannot be adjudged in a divorce suit before trial of the issues in the suit.

Appeal from Independence Chancery Court; *Lyman F. Reeder,* Chancellor; modified and affirmed.

*I. J. Matheny* and *S. M. Casey,* for appellant.

*T. A. Gray* and *McCaleb & McCaleb,* for appellee.

McCULLOCH, C. J. Appellee, Imogene Brown Allen, instituted this action against her husband, the appellant, Ralph Allen, in the chancery court in Independence County, for divorce. The parties intermarried on August 4, 1923, and separated during the month of November, 1924. The grounds for divorce set forth in the complaint are that appellant was guilty of such cruel treatment of appellee as to render her condition intolerable. In addition to the prayer for divorce, appellee alleged that, prior to the intermarriage, appellant was the owner of real estate of the aggregate value of at least $200,000, and that shortly before the marriage he had conveyed said property to his mother, Maggie L. Mayhue, for the fraudulent purpose of depriving appellee of her property rights to result from the then approaching intermarriage. Appellant answered, denying the charges of misconduct on his part, and denying that he conveyed his property to his mother to deprive appellee of any of her rights. He stated in his answer that he and appellee were not engaged to be married prior to the day on which the marriage occurred; that the marriage relation was entered into at the solicitation of appellee on that day, and that he had previously conveyed his property to his mother in good faith and without any fraudulent intention with respect to appellee or any one else. Appellee's prayer also embraced cancellation of the deed from appellant to his mother. Mrs. Mayhue was made a party-defendant, and filed an answer denying the charges of fraudulent intent in the execution of appellant's conveyance to her.

There has not yet been a trial of the issues in the case, but appellee asked for an allowance of attorney's fees, temporary alimony and suit money, and, upon hearing of the motion, the court entered a decree allowing her $100 a month temporary alimony, $100 as suit money, and $500 as attorney's fees. Both parties have appealed from that decree.

The court heard the motion upon *ex parte* affidavits introduced by the respective parties. The testimony embraced in those affidavits tended, on the part of appellee, to show that appellant had been guilty of cruel and inhuman treatment of appellee, and that she was forced to leave him on that account. The testimony adduced by appellant tended to contradict this and to show that he was not guilty of any misconduct towards appellee, and that she left him without cause.

There appears in the record a deed, dated July 10, 1923, executed by appellant to his mother, Maggie L. Mayhue, conveying numerous tracts of land for the nominal consideration of one dollar. This deed was placed of record on July 12, 1923. There is also in the record a deed executed by Mrs. Mayhue to appellant reconveying the lands to him "and unto his bodily heirs." The deed contains a recital in the granting clause that the grantor, "being the mother of the said Ralph Allen, and realizing his limited business experience, do hereby in all things retain and reserve absolute right to rent, lease, let and control said lands above described, and further reserve the right to receive and collect any and all rents or profits accruing therefrom and during the rest of my natural life."

One of the questions debated in the brief of counsel is whether or not the court, in making the allowances, should have taken into consideration appellant's rights in the real estate and the rents and profits therefrom. We are of the opinion that the court should not have taken into consideration those alleged rights, for the reason that there was no proof introduced tending to show that the conveyance by appellant to his mother was fraudulent, or that he was in fact accorded by his mother the present right to use the rents and profits of the lands. There was no proof on this issue introduced, and the extent of the proof was merely that the conveyance was executed a short time before the intermarriage of the parties. Nor was it shown that appellant was enjoying any considerable income from any other source. The

appeal of Mrs. Allen is therefore unfounded, for no reason is shown why the allowances should have been made in larger sums than that made by the chancellor in his decree. Nor do we find any cause for reducing the amount of the temporary alimony of $100 per month, or of the $100 allowance for suit money. We are of the opinion, however, that the allowance of $500 attorney's fees in advance of the trial of the cause was excessive. It cannot be determined in advance what amount of fee will be earned, and it must be left to a decision at the end of the litigation, when the extent of the services will be known and the result of the recovery and appellant's ability to pay. It is true that we have in some cases approved an allowance in advance for the total fee to be earned in litigation, but that is a matter of discretion in each case, and we do not think that in this case it can be determined in advance just what the full amount of the fee in the case should be. Our conclusion is that an allowance of $250 as attorney's fees is, under the circumstances shown in the case, sufficient, and the allowance will be reduced to that amount.

Counsel for appellee also insist that the court should have rendered a decree concerning the validity and good faith of the conveyance by appellant to his mother, but the answer to that contention is that the litigation had not reached the stage for a final decree on that issue; there was no trial of the issues demanded, and all of the issues in the case remain to be determined. The correctness of the court's decree with respect to the prayer for divorce and the cancellation of the deed must be determined after the final decree on those issues is rendered by the trial court.

The allowance of attorney's fees will be modified so as to reduce the fee to $250, and in all other respects the decree will be affirmed. It is so ordered.