Numbers, Respondent, vs. Union Mortgage Loan Com-
pany, Appellant.

*February 8—March 7, 1933.*

32

The cause was submitted for the appellant on the brief of *Bundy, Beach & Holland* of Eau Claire, and for the respondent on that of *Farr & MacLeod* of·Eau Claire.

WICKHEM, J.   It is the contention of the defendant that it was the obligation of the plaintiff to take such steps as were necessary and proper to maintain the security, and that by reason of the fact that plaintiff permitted the debt to become outlawed and also failed to file such an affidavit as would have continued the mortgage as against subsequent creditors and purchasers, there is a failure of consideration which constitutes a defense, and also the basis for recovery of instalments theretofore paid.

A consideration of the terms of the agreement between the parties, taken in connection with the facts and circumstances of the case as they are set out in the pleadings, convinces us that appellant's position is without merit.   Defendant was the former owner of this mortgage.   It was also the owner of a second mortgage, and upon default of the second mortgage it foreclosed and took title subject to the first mortgage, long after the due date of the first mortgage.

When the contract to purchase the note and mortgage from plaintiff was executed, it was evident that the instalments payable to the plaintiff would continue past the time at which the debt would become outlawed. The contract contains the agreement that "said mortgage shall remain a lien on the premises described therein and as security for the performance of this agreement by the said Union Mortgage Loan Company." The only conclusion that can fairly be drawn from the language of the contract and the surrounding circumstances is that this mortgage was purchased by the defendant for the purpose of clearing its title to the premises, which it already held by sheriff's deed under the foreclosure of its second mortgage. In view of this there is no basis for holding that there was an implied warranty by plaintiff that this note and mortgage would continue to be good as against the original mortgagors or subsequent purchasers. Nor is there any ground for the conclusion that plaintiff was obliged to take the steps necessary to keep the note and mortgage good as to such persons. The contract recites that defendant has "this day purchased" the note and mortgage, plaintiff merely withholding possession as security for the instalments due under the contract. It is not claimed that the defendant could not have taken proper measures to protect itself, and in view of the plain object of the contract the burden was upon defendant to do so. By the express terms of the contract the mortgage was to remain a lien upon the premises as a security to the plaintiff. Since this lien could only be removed by performance of the contract by defendant, and since its elimination as a cloud on defendant's title was the object of the contract, there is no merit to the claim that there has been a failure of consideration.

Defendant further contends that the judgment is erroneous because it was entered by default, and the relief granted was greater than that demanded by the complaint. This con-

tention is based on the fact that, prior to the entry of judgment, a third instalment under the contract became due, and the judgment included this instalment. Defendant's contention is based on sec. 270.57, Stats., which provides:

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

In this case, however, there was an answer. The statute does not in express terms relate to a default but to a case where there is no answer. The answer evidently set up the only defense claimed by defendant, and the pleadings disclosed the fact that instalments of the purchase price matured at regular intervals, and that if the proceedings were sufficiently delayed, another instalment would be due before judgment was entered. The sustaining of the demurrer and the election of the defendant to stand upon the sufficiency of the original answer are not legally equivalent to the withdrawal of the answer by defendant, and hence the rule of *Geer v. Holcomb,* 92 Wis. 661, 66 N. W. 793, does not apply. In that case, where defendant withdrew his answer and judgment was entered for relief in excess of that demanded by the prayer of the complaint, the court said:

"The defendant, having withdrawn his answer and from the court room, left the plaintiffs in the same position as they would have been had there never been any answer in the case. Certainly it cannot be that the relief subsequently granted was consistent with the case made by the complaint and embraced within the issue. *McKenzie v. Peck,* 74 Wis. 208, 42 N. W. 247, and cases there cited. It was error for the court to allow the complaint to be amended after the defendant had withdrawn his answer and from the court room."

*By the Court.*—Judgment affirmed.