## BOARDMAN v. CAREY.
### No. 5750.

Court of Appeals of the District of Columbia.
Argued April 6, 1933.
Decided May 8, 1933.

Jean M. Boardman, of Washington, D. C., for appellant.

Richard L. Merrick, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal is submitted upon an agreed statement of the case. It appears that on December 4, 1924, Julie W. Carey brought suit in the Supreme Court of the District of Columbia against her husband, William P. Carey, praying for a divorce a mensa et thoro, the custody of a minor child, temporary and permanent alimony, and counsel fees and costs. The defendant was personally served with process and duly appeared. The plaintiff applied for and was allowed alimony during the pendency of the suit, but no application was made for suit money or counsel fees prior to the time of the final hearing. On October 23, 1925, following a trial of the cause on its merits, a final decree was entered dismissing the plaintiff's bill in so far as it prayed for a divorce, but awarding to the plaintiff permanent maintenance, the custody of the infant child, and taxable costs. The final decree also directed the defendant to pay to Jean M. Boardman, attorney for the plaintiff, the sum of $150 as and for a fee for services rendered on behalf of plaintiff in the cause. From this decree no appeal was taken.

On April 6, 1932, the attorney filed a petition in the case wherein he stated in substance that with the exception of $15 the defendant had paid nothing on account of the counsel fee in question; that at the time the decree was entered the defendant had been employed in the United States Department of State at a salary of $200 per month, but that during the early part of the year 1926 the defendant had voluntarily abandoned his employment and had absconded from the District of Columbia for the purpose of evading compliance with said decree both with respect to maintenance and counsel fee. Petitioner alleged that defendant's failure to pay the counsel fee had been willful and contemptuous. Upon consideration of the petition, the court on April 6, 1932, issued a rule directing the defendant to show cause on a day certain why he should not be adjudged to have committed contempt of court, and this rule was personally served on the defendant in the District of Columbia.

Thereafter the defendant appeared by counsel and moved the court to dismiss and discharge the rule upon the following grounds: (1) This court is without authority and power to adjudge defendant in contempt for his failure to pay counsel fees provided for in the final decree herein; (2) counsel fees are no part of the taxable costs in a divorce or maintenance case and no authority exists in this jurisdiction for awarding the same upon final hearing as was done in this case; (3) counsel fees are not necessaries of a wife, for which her husband is obliged to pay, in the absence of statutory authority therefor; and (4) on final hearing in a divorce or maintenance case, the court is without power and authority in this jurisdiction to award attorney fees to the wife.

Upon consideration of this motion, and without any further consideration of the merits of the petition, and without passing on the truth of the facts therein alleged, the court entered an order dismissing the petition and discharging the rule. The petitioner has appealed.

The ruling of the lower court followed a prior decision of the same court in the case of Marcum v. Marcum, decided October 2, 1931, 59 W. L. R. 836, wherein it was held that the Supreme Court of the District of Columbia is without power to enforce by contempt proceedings the payment of counsel fees awarded by a final decree of divorce. It was stated by the court that the reason for awarding suit money and counsel fees pendente lite is to enable the plaintiff to conduct her case; but that this reason fails when the final decree is passed, inasmuch as her case by that time has already been conducted to a conclusion.

We are of the opinion that the rule thus stated by the lower court is not the law of this jurisdiction. Section 975 of the D. C. Code (D. C. Code 1929, T. 14, § 70) reads as follows: "Sec. 975. Alimony pendente lite. —During the pendency of a suit for divorce, or a suit by the husband to declare the marriage null and void, where the nullity is denied by the wife, the court shall have power to require the husband to pay alimony to the wife for the maintenance of herself and their minor children committed to her care, and suit money, including counsel fees, to enable her to conduct her case, whether she be plaintiff or defendant, and to enforce obedience to any order in regard thereto by attachment and imprisonment for disobedience."

The court is thus authorized in divorce cases to require the husband to pay suit money to the wife, including counsel fees to enable her to conduct her case, and it is provided that such an order may be made "during the pendency" of the suit. It cannot be de-

nied that the suit is pending when the final decree is entered disposing of it. The statutory phrase "to enable her to conduct her case" is designed to show the character of the services which are to be paid for by such an allowance, and does not limit the time when such allowance may be entered by the court.

The authorities are not uniform upon this subject, but we think the question is concluded for this jurisdiction by the decision of this court in Myers v. Myers, 55 App. D. C. 224, 4 F.(2d) 300. In that case a final decree was entered awarding a divorce to the husband. Up to the time of the final entry no allowance of counsel fees had been made by the court, but in the final decree the court reserved the question of such allowance for further consideration. Some months later a supplemental decree was entered awarding to the wife's attorney counsel fees covering the services theretofore rendered. From that supplemental decree the husband appealed to this court, challenging the authority of the lower court to award counsel fees by the supplemental decree. It was held by this court upon the appeal that under section 975, supra, the court was authorized to make the allowance in question by the supplemental decree. It follows that the court has power to make the allowance in the final decree, and that the present case is governed by that rule.

It may be stated with confidence that for many years last past it has been the practice of the lower court to award counsel fees to the wife's attorney in the final decree disposing of the case. See Tendler v. Tendler, 56 App. D. C. 296, 12 F.(2d) 831; O'Neil v. O'Neil, 57 App. D. C. 155, 18 F.(2d) 805. This practice is reasonable inasmuch as it enables the court to determine the proper amount to be awarded to the attorney, a fact which cannot be fixed with certainty until his services have been completed. Moreover, it would be inconvenient for the court to make a preliminary estimate of the probable value of the services to be rendered by the wife's attorney, which might require modification from time to time as the extent of the services seemed to justify. Furthermore, no substantial reason appears against the practice of making the allowance in the final decree.

In Kiddle v. Kiddle, 90 Neb. 248, 252, 133 N. W. 181, 182, 36 L. R. A. (N. S.) 1001, Ann. Cas. 1913A, 796, the court said: "Section 12, c. 25, Comp. St. 1911, provides: 'In every suit brought, either for a divorce or for a separation, the court may in its discretion require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency.' By the term 'during its pendency' is meant any time from the commencement of the suit until and including the final order of dismissal. * * * The fact that the allowance was for services which had theretofore been rendered in the case, and the further fact that there had been a reconciliation of the parties, are alike immaterial."

In Courtney v. Courtney, 4 Ind. App. 221, 224, 30 N. E. 914, 915, the court said: "The order was made under the first clause of section 1042, Rev. St. 1881, which vests in the discretion of the court the power to require the husband to pay, pending the action, such sums as will enable the wife to efficiently prepare her case for trial. It is immaterial, in so far as the existence of such power is concerned, whether the court requires payment before expenses are incurred or afterwards. If services are rendered by attorneys in anticipation of an order of allowance, we see no reason why the order may not be made and enforced in their behalf even after a reconciliation."

Cf. Beaulieu v. Beaulieu, 114 Minn. 511, 131 N. W. 481; Allen v. Allen, 171 Ark. 241, 283 S. W. 984; Fullhart v. Fullhart, 109 Mo. App. 705, 83 S. W. 541.

The order of the lower court is reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.