## MARCUM v. MARCUM et al.
### No. 6119.

Court of Appeals of the District of Columbia.

Argued March 9, 1934.

Decided April 2, 1934.

Rehearing Denied April 23, 1934.

James T. Crouch, of Washington, D. C., for appellant.

Jean M. Boardman, Raymond Neudecker, Cyril S. Lawrence, and Dwight E. Rorer, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

## PER CURIAM.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill of review.

On November 11, 1930, appellee Maria S. Marcum, through an amended bill, sought a limited divorce from appellant.

On June 6, 1931, after a hearing, she was awarded a divorce a mensa et thoro, and appellant was directed to pay. her counsel, appellees Rorer and Lawrence, the sum of $650 as fees. The decree also provided that appellant pay to Mrs. Marcum the costs incurred by her in the proceeding in the sum of $100, plus costs to be taxed by the clerk. On appeal we modified the decree, but approved the allowance for maintenance. The decree as to counsel fees and costs was not disturbed. Marcum v. Marcum (decided December 12, 1932), 61 App. D. C. 332, 62 F.(2d) 871, 61 W. L. R. 38.

Appellant, failing to pay the installments of counsel fees awarded in the final decree, was cited in contempt proceedings on July 9, 1931 (returnable July 16, 1931). On October 23, 1931, the court below ruled that, there being no statute expressly allowing such fees and costs, the court was without power to punish for contempt for failure to pay as the court had decreed. Marcum v. Marcum (D. C. Sup.) 59 W. L. R. 836.

Thereafter, on May 8, 1933, this court in Boardman v. Carey, 62 App. D. C. 152, 65 F.(2d) 600, 601, 61 W. L. R. 506, where the same question was involved, found "that the rule thus stated by the lower court (in the Marcum Case [D. C. Sup.] 59 W. L. R. 836) is not the law of this jurisdiction." In other words, that the court has the power to make such allowances in a final decree.

Appellee Maria S. Marcum on April 23, 1933, and appellees Rorer and Lawrence on May 23, 1933, respectively, filed petitions in contempt proceedings against appellant because of his failure to pay costs, suit money, and counsel fees as provided in the final decree of the court below (June 6, 1931). After hearing, "the court overruled appellant's motion to dismiss and entered orders committing appellant in each instance to thirty days in the Washington Asylum and Jail."

After the time for appeal had expired (see Clark v. Killian, 103 U. S. 766, 26 L. Ed. 607; Thomas v. Brockenbrough (Harvie), 10 Wheat. 146, 6 L. Ed. 287), appellant filed this bill of review for error apparent on the face of the record, contending that the question was res adjudicata by reason of the ruling of the court on October 23, 1931 (Marcum v. Marcum [D. C. Sup.] 59 W. L. R. 836). The question before the court in the original contempt proceeding was whether appellant should be punished for his failure to comply with the decree. The court erroneously ruled that he was not subject to punishment. The original decree was unaffected, and still is in force.

There is no merit, therefore, in the bill, and the decree dismissing it is affirmed.

Affirmed.