## SCHULZ v. SCHULZ.

No. 10127.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 16, 1949.

Decided Dec. 19, 1949.

Mr. Samuel W. McCart, Washington, D. C., with whom Mr. Dorsey K. Offutt, Washington, D. C., was on the brief, for appellant.

Mr. Lewis H. Shapiro, Washington, D. C., with whom Mr. Whitford W. Cheston, Washington, D. C., was on the brief, for appellee.

Before CLARK, WASHINGTON and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

As in the case of Quarles v. Quarles, —— U.S.App.D.C. ——, 179 F.2d 57, the question presented is whether there was an abuse of discretion by the District Court in awarding alimony to a wife against whom an absolute divorce was granted for desertion. We stated in that case that the judgment of the trial court in determining whether an award of alimony to a guilty defendant is "just and proper", 16 D.C. Code § 412 (1940), will not be disturbed, unless an abuse of discretion is made manifest by the record. At the same time, we outlined some of the criteria that courts have adopted in determining that question.

In our view of the matter, there is sufficient evidence in the record below to support the trial court's award of alimony to the wife in this case. The marriage of the parties lasted about thirty years. Appellee was a middle-aged woman who had borne the appellant five children. She had not worked for the greater part of the marriage and her capacity to earn a livelihood could reasonably be expected to diminish. There is also considerable doubt that her present earnings are sufficient to meet even minimal housing and other needs. In contrast, the appellant was employed in a permanent government position earning about $330 per month and there is nothing in the record to indicate that he had any other obligations. It would seem, therefore, that the payment of $65 per month for alimony would not create an undue or unreasonable burden.

Under all the circumstances, we are of the opinion that the record does not disclose a manifest abuse of discretion and the judgment is therefore affirmed.