**BERMAN v. BERMAN.**

No. 11606.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 19, 1952.

Decided Feb. 12, 1953.

Petition for Rehearing Denied April 14, 1953.

———◆———

Orin deMotte Walker, Washington, D. C., for appellant.

David Rein, Washington, D. C., for appellee.

Before EDGERTON, PRETTYMAN, and BAZELON, Circuit Judges.

PER CURIAM.

On May 2, 1952, the District Court entered final judgment in a wife's suit for separate support. Besides ordering appellant to pay his wife, the appellee, $100 a week as maintenance, it ordered him to pay her attorney $500 for counsel fees.

The order here on appeal was entered November 10, 1952. It adjudged appellant in contempt for failing to obey the order of May 2, and ordered him committed to jail for 30 days "or until such earlier time as he shall purge himself of his contempt by paying to the plaintiff or her attorney of record the sum of $2975 or until further order of the Court hereon." $2975 was less than the amount then due for maintenance and counsel fees under the order of May 2, but more than the amount then due for maintenance alone.

Appellant had flagrantly disregarded the entire order of May 2. But § 11–326 of the District of Columbia Code (1951), 31

Stat. 1208, provides that where a "decree only directs the payment of money no defendant shall be imprisoned except in those cases especially provided for." To find the bearing of this statute upon this case we must collate three other sections of the Code. "During the pendency of a suit for divorce" § 16–410, 31 Stat. 1346, 32 Stat. 537, permits imprisonment for non-payment of "alimony", i. e. "maintenance", or of "counsel fees". "When a divorce is granted", § 16–411, 31 Stat. 1346, permits payment of "permanent alimony sufficient for * * * support" to be enforced "in the manner before mentioned". This section says nothing about counsel fees. In a wife's suit for separate support, § 16–415, 63 Stat. 213, permits payment of "maintenance" money, both "pendente lite and permanently," to be enforced "in the same manner as directed in regard to the payment of permanent alimony." But this section also says nothing about counsel fees.

Since imprisonment for failure to pay a wife's counsel fees incurred in a suit for separate support is not "especially provided for" by statute, the appealed order is erroneous insofar as it orders appellant committed for such failure. Cf. Bates v. Bates, 79 U.S.App.D.C. 14, 141 F.2d 723, which was decided under an earlier statute. In all other respects the order is affirmed.

We need not now reconsider Boardman v. Carey, 62 App.D.C. 152, 65 F.2d 600, which held that a husband might be adjudged in contempt for failing to pay counsel fees which had been awarded, along with maintenance, in a final decree denying a divorce. The case is not in point here both because it involved a divorce suit and because it did not directly involve or discuss imprisonment.

Affirmed in part, reversed in part, and remanded.