**James Everett CRAWFORD, Appellant,**

v.

**June D. CRAWFORD, Appellee.**

**No. 2844.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 30, 1961.

Decided Dec. 7, 1961.

Curtis P. Mitchell, Washington, D. C., for appellant.

William T. Pace, Mt. Rainier, Md., entered an appearance for appellee but filed no brief.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

In June 1959 the court entered judgment in the wife's suit for maintenance and support of the two minor children born of the marriage. In November of the same year an order was filed directing appellant to pay his wife's attorney $250 as counsel fees. Thereafter, in February 1961, the wife filed a motion to increase the support for the children. At the same time her attorney filed a motion to adjudge appellant in contempt for failure to pay the balance of $200 due on the fee. At the subsequent hearing, in addition to increasing the amount of the maintenance, the court held appellant in contempt for his failure and refusal to pay in full the attorney fees as previously directed. The court ordered appellant committed to jail for ten days or "until such earlier time as he shall purge himself of his contempt by paying to the plaintiff or her attorney the sum of $200 * * *."

This appeal is primarily from that adjudication. The issue is whether the court can legally enforce its contempt order by imprisonment. In Berman v. Berman, 92 U.S. App.D.C. 77, 78, 202 F.2d 812, 813 (1953),

6. Wolter v. Safeway Stores, 80 U.S.App.D.C. 357, 358, 153 F.2d 641, 642, certiorari denied 329 U.S. 747, 67 S.Ct. 64.

our Circuit Court considered and answered this question. There it was said:

" * * * § 11–326 of the District of Columbia Code (1951), 31 Stat. 1208, provides that where a 'decree only directs the payment of money no defendant shall be imprisoned except in those cases especially provided for.' To find the bearing of this statute upon this case we must collate three other sections of the Code. 'During the pendency of a suit for divorce' § 16–410, 31 Stat. 1346, 32 Stat. 537, permits imprisonment for non-payment of 'alimony', i. e. 'maintenance', or of 'counsel fees'. 'When a divorce is granted', § 16–411, 31 Stat. 1346, permits payment of 'permanent alimony sufficient for * * * support' to be enforced 'in the manner before mentioned'. This section says nothing about counsel fees. In a wife's suit for separate support, § 16–415, 63 Stat. 213, permits payment of 'maintenance' money, both 'pendente lite and permanently,' to be enforced 'in the same manner as directed in regard to the payment of permanent alimony.' But this section also says nothing about counsel fees. Since imprisonment for failure to pay a wife's counsel fees incurred in a suit for separate support is not 'especially provided for' by statute, the appealed order is erroneous insofar as it orders appellant committed for such failure. * * *"

From what has been quoted, it follows that in the circumstances of this case the trial judge erred in holding appellant in contempt for failure to pay counsel fees. Therefore, the order granting the increase for the support of the children is affirmed and the order holding appellant in contempt is reversed.

Affirmed in part, reversed in part, and remanded.