Lee B. EDMONDS, Appellant,

v.

Lena M. EDMONDS, Appellee.

No. 3704.

District of Columbia Court of Appeals.

Submitted June 1, 1965.

Decided Aug. 2, 1965.

A. Lillian C. Kennedy, Washington, D. C., for appellant.

Kent D. Thorup, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

The parties to this action are husband and wife. In March 1964 appellant sued appellee for divorce on the ground of desertion. Appellee answered the complaint and also filed a counterclaim seeking support and maintenance for herself and their minor child. The court denied the divorce and found that appellee was entitled to separate maintenance and support in the amount of $125 per month and to counsel fees of $350. Payments were to commence on the date of the judgment, December 2, 1964.

On January 19, 1965, appellee filed a motion to adjudicate appellant in contempt of court, alleging that he had paid only $25 of the sums due under the judgment. Appellant answered that he had sent two bank drafts totaling $225 to the clerk of the Domestic Relations Branch subsequent to the filing of the motion. He conceded, however, that the order for separate maintenance had made no provision for payment

through the clerk's office and that the financial clerk of the office had returned the checks, but appellant claimed that he had never received them. His answer further admitted that he had not paid the counsel fees. On February 18, after a hearing, the court found that appellant was in arrears for maintenance and support in the amount of $350 and for attorney's fees in the sum of $300, although he was financially able to pay, and it adjudicated him in contempt of court, sentencing him to thirty days in jail. The execution of the commitment was stayed, conditioned upon appellant's purging himself by paying the arrearages in certain specified installments. From this adjudication he appeals.

Appellant contends that the court erred in finding him in contempt for failure to pay his arrearages up to the time of the order. He insists that they should have been computed only to the time of the filing of the motion. When pleadings and proof make clear the relief that should be granted, however, the court need not be restricted by the date of the filing of the motion. 49 C.J.S. Judgments § 54, p. 136. Appellee asked that appellant be held in contempt for failure to obey a judgment. The court had that judgment before it and by a simple calculation could determine the amount that was in arrears when it entered its adjudication of contempt. No error was committed in computing arrears to the date of the order, including installments falling due after the time of filing. See Strang v. Strang, 276 App.Div. 1092, 96 N.Y.S.2d 159 (1950); Numbers v. Union Mortgage Loan Co., 211 Wis. 30, 247 N.W. 442 (1933).

Appellant asserts that the court was without jurisdiction to hold him in contempt for nonpayment of counsel fees. His argument is based primarily on two cases, Berman v. Berman, 92 U.S.App.D.C. 77, 202 F.2d 812 (1953), and Crawford v. Crawford, D.C.Mun.App., 175 A.2d 798 (1961), which decided that a husband could not be held in contempt for failure to pay a wife's counsel fees awarded in a suit for separate maintenance because such a remedy was not especially provided for by statute as required by Code 1961, § 11–326 (as amended, Supp. IV, § 15–320).[1] In the case before us, however, the original pleading filed by appellant sought an absolute divorce. Thus Code 1961, § 16–410 (as amended, Supp. IV, § 16–911), which especially provides for imprisonment for nonpayment of counsel fees granted during the pendency of a suit for divorce, was applicable. The fact that the divorce was denied did not prevent the court from enforcing the award of counsel fees pursuant to that section. See Boardman v. Carey, 62 App.D.C. 152, 65 F.2d 600 (1933).

The remaining assertions of error are concerned primarily with the factual question of whether appellant actually paid the sums due under the judgment. He made no showing of changed circumstances so there was no issue concerning his ability to pay. And since he admitted in his answer and on cross-examination that he had not paid the counsel fees, no further evidence was needed on the matter. The evidence was uncontradicted that the Domestic Relations clerk's office had returned appellant's bank drafts. It was thus abundantly clear that the order of December 2, 1964, had not been obeyed, appellant's abortive attempts to pay in an unauthorized manner not being sufficient to purge him of his contempt.

Affirmed.

1. " * * * Where the decree only directs the payment of money no defendant shall be imprisoned except in those cases especially provided for."