Mattie L. MAJETTE, Appellant,

v.

Mahlon MAJETTE, Appellee.

No. 4890.

District of Columbia Court of Appeals.

Argued Jan. 6, 1970.

Decided Feb. 6, 1970.

James R. Scullen, Washington, D. C., for appellant.

Don Lockett Young, Washington, D. C., for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KERN, Associate Judge:

Appellee-husband was granted an absolute divorce on the ground of voluntary separation, D.C.Code 1967, § 16–904(a). The trial court ordered that appellant be given custody of their two minor children, that the home they jointly owned be sold and the net proceeds divided equally between them, and that appellee pay $35 per week for support and maintenance of appellant and the children. We affirm the judgment except that part awarding support.

An award under D.C.Code 1967, § 16–913, "will not be disturbed, unless an abuse of discretion is made manifest by the record." Schulz v. Schulz, 86 U.S.App. D.C. 43, 179 F.2d 59 (1949). In determining whether to make an award, and in what amount, the trial court should consider:

* * * the duration of the marriage; the number and age of the children; the age and health of the parties; their respective economic conditions—both present and prospective; the wife's contribution to the accumulation of the husband's property; the circumstances under which the divorce was granted; the effect, if any, upon the family; and the interest of society generally to prevent a person, wherever possible, from becoming a public charge.

Quarles v. Quarles, 86 U.S.App.D.C. 41, 42, 179 F.2d 57, 58 (1949); [1] accord, Mazique v. Mazique, 123 U.S.App.D.C. 48, 356 F.2d 801, cert. denied, 384 U.S. 981, 86 S.Ct. 1882, 16 L.Ed.2d 691 (1966).

The factors enumerated above which have substantial support in the record, D.C. Code 1967, § 17–305(a), in the instant case, are:

1. The marriage lasted 26 years until the date of trial and 20 years to the time the parties separated.

2. There were five children[2] of the marriage of whom three are emancipated.

3. Appellant is in poor health and incapable of working.

4. Appellant has no source of income or other property.[3] Appellee is employed by the Government at a Grade 12 salary of approximately $13,400 per annum.

5. The divorce was granted on the ground of voluntary separation for six years. There was no suggestion of improper behavior on appellant's part.

6. Appellee's own pleadings[4] and testimony were that the wife needed at least $250 per month to support the two children and herself, an amount he had been paying her prior to this action. In addition, appellant will hereafter have to pay rent which could well exceed the $71 monthly mortgage payment on their house paid up to this time by appellee as a part of his $250 monthly payment during separation.

■ Lastly, we note that the Department of Public Welfare's public assistance grant for a family of three is currently in excess of $197 per month.[5] In sum, we conclude that the trial court's award of $35 per week under the facts and circumstances of this case did not constitute an exercise of sound discretion and seems contrary to the public interest in preventing divorced spouses from becoming public charges. We therefore reverse that portion of the trial court's judgment relating to appellant's maintenance and support, and remand the case for reconsideration[6] of that award.

Appellant has requested an allowance of counsel fees to cover legal services rendered on her behalf in this court. We find that $250 is a reasonable fee for that purpose. Accordingly, appellee is directed to pay $250 to James R. Scullen, attorney for appellant, in installments of fifty dollars each on the fifteenth day of each month, beginning February 15, 1970, and continuing thereafter until the full amount has been paid.

---

1. Schulz v. Schulz, supra, and Quarles v. Quarles, supra, involved an earlier statute giving the court power to award alimony to the "guilty" party, substantially identical to the present § 16–913.

2. There is contradictory evidence on the age of the two minor children and the trial court in his findings did not resolve the conflict.

3. While the judgment directs that she receive half of the "net proceeds" from the sale of their jointly owned house, the record does not clearly reflect the value of that interest. Appellant informs us that the equity built up in the house is so slight that the amount realized will probably be minimal.

4. Attached to his complaint are signed financial statements reflecting his income and expenses, and expenses for his "wife and family".

5. Dep't of Public Welfare, Simplified Standard Public Assistance Grant for Groups Eating In (1970). To this is added approximately $6 for each child over 13 years of age, and as of March 1, 1970, a net value of $32 per month in food stamps. We cite these figures only to suggest the reasonableness of a larger award to appellant, particularly in view of the husband's above-average earnings.

6. Appellant has suggested on appeal that appellee failed to disclose fully his assets and liabilities. The trial court should determine this issue as well as the true ages of the minor children before entering a new award for maintenance and support.

Judgment affirmed in part and reversed in part. Case remanded for further proceedings in accordance with this opinion. Legal fee of $250 for services rendered in this court awarded to appellant's counsel.