Howard E. **THUNBERG**, Appellant,

v.

Penelope H. **THUNBERG**, Appellee.

No. 5684.

District of Columbia Court of Appeals.

Argued Oct. 5, 1971.

Decided Nov. 15, 1971.

Joseph A. McMenamin, Washington, D. C., for appellant.

Sidney S. Sachs, Washington, D. C., with whom Gary W. Brown, Washington, D. C., was on the brief, for appellee.

Before NEBEKER, REILLY, and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant challenges the authority of the Court of General Sessions to imprison him to compel payment of his wife's counsel fees, pursuant to an order contained in a final decree of divorce in an action brought by the wife. He asserts that this case is governed by D.C.Code 1967, § 15–320, which prohibits imprisonment to compel obedience "[w]here a decree only directs the payment of money * * * except in those cases especially provided for."

One of the special provisions falling within this stated exception is found in D. C.Code 1967, § 16–911:

> During the pendency of an action for divorce * * * the court may:

> (1) require the husband to pay alimony to the wife for the maintenance of herself and their minor children committed to her care, and suit money, including counsel fees, to enable her to conduct her case, whether she is the plaintiff or the defendant, and enforce any order relating thereto by * * * imprisonment for disobedience * * *.

Inasmuch as the order to pay plaintiff's (appellee here) counsel fees was included in a post-trial judgment entitled "Amended Findings of Fact, Conclusions of Law and Judgment" which awarded an absolute divorce to plaintiff and adjudicated certain property rights, we are urged to hold that § 16–911 is not applicable to a case like this where the direction to pay money occurred not during the pendency of an action, but at its conclusion.

While the wording of § 16–911 does lend some plausibility to appellant's position, this precise point was considered and rejected in the leading case construing such wording, Boardman v. Carey, 62 App.D.C. 152, 65 F.2d 600 (1933). There the court,

in interpreting an earlier statutory provision now incorporated in all relevant respects into § 16–911 of the code, observed:

> The court is thus authorized in divorce cases to require the husband to pay suit money to the wife, including counsel fees to enable her to conduct her case, and it is provided that such an order may be made "during the pendency" of the suit. It cannot be denied that the suit is pending when the final decree is entered disposing of it. The statutory phrase "to enable her to conduct her case" is designed to show the character of the services which are to be paid for by such an allowance, and does not limit the time when such allowance may be entered by the court.[1]

Shortly after this decision was handed down, it was held that it was within the power of a trial court to jail a husband who failed to conform to that portion of a decree which allowed counsel fees and costs, Marcum v. Marcum, 63 App.D.C. 156, 70 F.2d 760 (1934). Subsequently it also became the practice in this jurisdiction to allow counsel fees in the final decree on the ground that the action is still pending when such decree is entered, Fitzgerald v. Williams, D.C.Mun.App., 170 A.2d 777 (1961).

Although this court cited Boardman v. Carey, *supra*, as controlling precedent in a fairly recent opinion, Edmonds v. Edmonds, D.C.App., 212 A.2d 534 (1965), appellant argues that its authority has been impaired by a later holding of the very court which had adopted this view, Berman v. Berman, 92 U.S.App.D.C. 77, 202 F.2d 812 (1953). There, the circuit court in a decision cited at length and followed by this court in Crawford v. Crawford, D.C. Mun.App., 175 A.2d 798 (1961), held that in a suit for separate support, §§ 411 and 415 of Title 16 of the 1951 D.C.Code did not authorize trial courts to subject husbands to imprisonment for noncompliance with an award for counsel fees. In our opinion, however, these cases are distinguishable, as remedies in suits for separate support or for maintenance and support of minor children (the *Crawford* situation) in contradistinction to divorce actions, did not include payment of counsel fees under the provisions of the code in effect at the time.[2]

The sole question raised on this appeal concerns the contempt powers of the trial court. Appellant does not question the amount of the fee awarded or that part of it is still unpaid. Accordingly, we grant appellee's request that certain payments on account now held in escrow by the Clerk of the trial court be disbursed to her counsel.

▮ Without filing a formal motion or submitting a statement, appellee has also asked this court for allowance of reasonable counsel fees on appeal, citing Majette v. Majette, D.C.App., 261 A.2d 824 (1970), and Payton v. Payton, D.C.App., 187 A.2d 899 (1963). Although we do not regard the husband's appeal as a frivolous one, we hold that under Majette, *supra*, an allowance for the wife in the amount of $250 is in order.

Affirmed.

---

1. Boardman v. Carey, *supra* at 153–154, 65 F.2d at 601–602.

2. D.C.Code 1951, § 16–415, was amended in 1965 so as to provide for payment of counsel fees. The corresponding section of the current code, D.C.Code 1967, § 16–916 (Supp. IV, 1971), retains this provision.