**Raymond FOER, Appellant,**

v.

**Ellen FOER, Appellee.**

**No. 6258.**

District of Columbia Court of Appeals.

Argued April 24, 1972.

Decided Nov. 29, 1972.

Paul H. Mannes, Rockville, Md., with whom Stanley Klavan, Rockville, Md., was on the brief, for appellant.

Paul H. Weinstein, Chevy Chase, Md., with whom M. Michael Cramer, Rockville, Md., and Laurence Levitan, Chevy Chase, Md., were on the brief, for appellee.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant husband contends on this appeal that the trial court's award of $400 per month for the wife's separate maintenance and $450 per month for the support of three minor children was excessive. Appellant claims further that the court erred when it ordered the husband to pay the federal and state income tax on the wife's separate maintenance and support payment. We find the court's monthly dollar award to the wife and children not unreasonable and that it is supported by the evidence. However, the decree is modified as to the requirement that the husband pay the income taxes of the wife.

■ It is well accepted that the trial court has broad discretion in awarding separate maintenance and support and will be reversed only upon a showing of an abuse of that discretion. Schulz v. Schulz, 86 U.S.App.D.C. 43, 179 F.2d 59 (1949).

The court heard testimony at length from both parties. In addition to producing his income tax returns, the husband was examined in detail regarding family assets, his business, his bank deposits and expenditures and other matters reflecting on his gross income. There also was ample testimony regarding the needs of the parties and their children and, as demonstrated by the court's many discusssions with counsel, most careful consideration was given to the evidence in light of the issues raised.

We cannot say that the aforesaid award is excessive or unreasonable for there is substantial evidence to support it.

■ However, we have considerable difficulty with that part of the judgment that provides the husband shall pay to the wife the amount of tax that becomes due on her federal and state income taxes as a result of his payment to her for her support.

There is nothing in the record regarding the extent of the wife's state or federal tax liability nor is there any foundation whatever regarding the Maryland income tax law from which even an approximation

might be reached as to what her tax liability might be. This would be complicated even further if she had reportable income from other sources. Neither the record nor the decree permits a determination of the husband's total liability. Therefore, incorporation of such a provision in a support decree is not favored by this court.

In view of the foregoing and the rather liberal monthly award made by the trial court for the support and maintenance of the wife and children, we modify the decree to the extent of eliminating the husband's responsibility for the state and federal income tax liability of the wife beginning with the taxable year 1972. While we do not remand for further proceedings, we do not rule out a subsequent examination and reevaluation, upon proper application to the trial court, of the husband's income and financial condition and the needs of the wife and children involving a material change of circumstances since the last decree.

Affirmed in part and reversed in part.