Cecilia V. WOOD, Appellant,

v.

Marshall K. WOOD, Appellee.

Marshall K. WOOD, Appellant,

v.

Cecilia V. WOOD, Appellee.

Nos. 7004, 7080.

District of Columbia Court of Appeals.

Argued June 12, 1973.

Decided Sept. 4, 1973.

Paul M. Rhodes, Washington, D. C., for appellant Cecilia V. Wood.

Peter R. Sherman, Washington, D. C., for appellee Marshall K. Wood.

Before KELLY and FICKLING, Associate Judges, and QUINN, Associate Judge, retired.

QUINN, Associate Judge, retired:

The parties here were married on March 17, 1935. Three children were born of the marriage, all of whom are now adults. In December of 1965, they separated for some thirteen months, with the wife taking a separate apartment. During this period, the parties entered into a settlement and division of property, both real and personal.

In January of 1967, a reconciliation was attempted, and the parties resumed cohabitation until July of 1970, when they permanently had a parting of the ways. During this three and one-half year period, rental property was jointly acquired from the husband's sister and financed by a note, the collateral for which was mutual funds owned by Mrs. Wood. The title to the house was thereafter transferred to their son, as a part of his inheritance. The interest payments on said note were maintained by the husband and he continued to keep them up until their final separation, at which time they took turns paying the interest. Then came a time, however, in October of 1970, when Mr. Wood declined any further responsibility on the note, with Mrs. Wood then assuming the burden on her own.

Thereafter, the wife filed a complaint seeking temporary support and maintenance. A *pendente lite* support hearing was held, and an order granting temporary support of $175 per month was entered and increased to $210, following Mrs. Wood's motion for rehearing. Two more hearings were held relating to a motion for an additional increase in payments, with Mrs. Wood's request being eventually denied and support left at $210.

In the interim, in March of 1972, the husband filed a complaint for absolute di-

vorce on the ground of voluntary separation for more than one year. The wife answered, admitting the voluntary separation and counterclaimed, asking for a division of property, alimony and attorney's fees. A motion to consolidate the two cases was granted over the objection of Mrs. Wood.

A trial was held, following which the court entered its Findings of Fact, Conclusions of Law and Judgment. In pertinent part it (1) awarded a divorce to the husband on the ground of voluntary separation; (2) held that the property settlement was final and complete as to the parties; (3) found that the obligation on the note should not be apportioned between the parties; and (4) ruled that the husband was able to underwrite an alimony award and attorney's fees and therefore granted the wife alimony in the amount of $210 per month and legal fees and suit money of $500.

These appeals followed.

Both sides take issue with the award of alimony. The husband avers that the court below erred as a matter of law in awarding alimony to the wife where there was no showing of any need for support or, in the alternative, states that the court abused its discretion in light of all the relevant considerations. The wife, on the other hand, urges that the court below erred in making the award of alimony in the amount previously awarded as separate maintenance, without findings on the evidence adduced at trial on the merits of their respective financial conditions.

In addition, Mrs. Wood alleges that the court incorrectly determined that there were no property rights to be adjudicated and erred in holding that the obligation on the note should not be apportioned between the parties. Therefore, she requests that the case be returned to the trial court for further proceedings on these matters and asks for an allowance of reasonable attorney's fees for this appeal.

The only issue requiring extended discussion is the trial court's award of alimony to Mrs. Wood. D.C.Code 1967, § 16-913 provides:

> When a divorce is granted on the application of the husband, the court may require him to pay alimony to the wife, if it seems just and proper.

Such an award "will not be disturbed, unless an abuse of discretion is made manifest by the record." Majette v. Majette, D.C.App., 261 A.2d 824 (1970), quoting from Schulz v. Schulz, 86 U.S.App.D.C. 43, 179 F.2d 59 (1949). As stated in McEachnie v. McEachnie, D.C.App., 216 A.2d 169, 170 (1966):

> There is no fixed set of rules or formulae for determining permanent alimony and any award must be made only after careful study of the particular facts of each case. Certain primary factors, however, are considered and evaluated . . such as the duration of the marriage, the ages and health of the parties, their respective financial positions, both past and prospective, the wife's contribution to the family support and property ownership, the needs of the wife and the husband's ability to contribute thereto, and the interest of society generally in preventing her from becoming a public charge. . . . (Citations omitted.)

In the instant case, we are presented with a myriad of data on the parties, among the more pertinent factors being:

1. The couple lived together for approximately thirty-three years.

2. He is presently 59 years old and in good health; she is age 60 and according to her own account in good health except for the fact that she is unable to work full time because of an attack of diverticulitis suffered years ago, requiring increased rest on her part.

3. Mr. Wood is employed by the Social Security Administration at an annual

salary exceeding $33,000 a year. His net income is somewhat in excess of $1,500 per month with expenses excluding alimony and legal fees about $250 per month less. In addition, he has provided for his retirement, so that if he retires at age 62, he will receive $650 a month from a private retirement plan, plus an annuity of $15,500 from the government. Further, he has net assets totaling $72,-950, including a home valued at $50,-000 which he received from his parents, bank accounts of $7,000, an insurance policy worth $14,000, investments of some $15,900, a car worth $200 and liabilities in the neighborhood of $14,150.

4. Mrs. Wood is a licensed school teacher, presently not teaching and residing in an apartment in her son's home in New Hampshire. She obtained employment as a teacher in the Washington, D.C. area in 1957, contributing her earnings into a joint bank account for household purposes, and continuing in such capacity full-time for twelve years. Thereafter, her schedule was reduced to part-time because of ill health. She presently has income of $710.50 per month, which includes $615 from investments (the bulk of which is from stock) $47 from a retirement fund, $13 interest income on a loan and $25 from rental property which she chooses not to collect but instead allows her sister-in-law to live in rent free. Her expenses total $709 per month—including $150 per month rental payments to her son which she has not yet begun to make [1] and $135.40 interest payment on the note to American Security and Trust Company.[2] Furthermore,

she has a net worth of some $91,000, accumulated mainly from inheritances, consisting of $575 in a checking account, a $710 savings account, stock investments in the vicinity of $75,000 and a $15,000 interest in real estate which she has not been required to invade to meet her living expenses.

As authority for their respective factual positions, the parties have referred us to and principally rely on the cases of Skiff v. Skiff, D.C.App., 277 A.2d 284 (1971) and McEachnie v. McEachnie, *supra*. In *Skiff*, this court held that the trial court did not abuse its discretion in awarding the wife support and maintenance in the amount of $200 per month even though her annual income from her own sources was $13–14,000, she owned securities valued at $370,000 and her husband had no net worth and an annual income of $19,704. Nevertheless, this case is not dispositive, for the facts further showed that in contrast to the case at bar, the wife had no marketable skill, was a chronic asthmatic, had not worked in fifteen years and had expenses exceeding her income in the amount of $4,000 a year, requiring her to deplete her capital for support, absent any assistance from her husband.

*McEachnie*, on the other hand, reversed an award of alimony to the wife of $50 per month where the record showed that she had a savings account of $123 and was regularly employed, neting $279.37 a month, with expenses totaling $261.11; while her husband received $389 a month from two jobs and had expenses of $461.75. Here again, however, there are distinguishing features: the parties were married only six years, there was absolutely no existing or anticipated impairment to her health, and her income, although not substantial, was acquired as a result of salary earned, as opposed to being primarily de-

---

1. She invested $1,000 in improvements for the apartment she is living in and is balancing that off against the agreed rental until the $1,000 is paid off.

2. Such note has since been paid off by a sale of the stock securing it, which has the effect

of reducing her expenses because the payments on the note are greater than the income earned from the securities each month that were sold to liquidate it.

rived from investments in the stock market, and capable of fluctuating at a moment's notice.

■ We are, therefore, faced with a unique set of facts which must be resolved on their own merits. In order to do so we must first be apprised of the basis of the lower court's award. See Super.Ct.Dom. Rel. R. 52(a). Here, it was merely stated that "[t]he court finds that the husband is able to underwrite an alimony award and attorney fees." (R. at 71). There is no mention of the fact that Mrs. Wood required any amount for her support, nor how such an amount as $210 was arrived at. Now, while it cannot be gainsaid that the wife is unlikely to become a public charge, we cannot go so far as to say that the record is lacking of any evidentiary basis upon which an award to the wife of permanent alimony could be sustained. *Compare* McEachnie v. McEachnie, *supra* at 171. The trial court might very well have concluded that given the combination of factors present, including the duration of the marriage, the tenuous nature of the wife's health, her age, the relatively unstable character of the wife's income and the comparative future economic positions of the parties, Mrs. Wood was entitled to some sort of support. However, given the sparsity of the findings, we are at a loss as to what was actually considered. We therefore remand the case to the trial court for a more detailed statement of the reasons for the action taken.

■■ Mrs. Wood's contention that the court below erred as a matter of law in determining that there were no property rights to be adjudicated by reason of a division of property made four years earlier, is without merit. The record clearly shows that at the time of the initial separation in 1965, there was a valid property settlement. The question then becomes whether or not the attempted reconciliation had the effect of voiding the prior agreement. Although we find no precedent in this jurisdiction, it is well settled generally, that subsequent cohabitation has the effect of avoiding such a settlement only if an intention to that effect is manifested by the participants. See generally, Frana v. Frana, 12 Md.App. 273, 278 A.2d 94 (1971); 42 C.J.S. Husband And Wife § 601 (1944, Supp.1973). Such intent, however, is lacking here. They made no attempt to re-transfer any of the property divided previously, nor treat those holdings as anything but their separate possessions. Furthermore, it is significant that while prior to the initial separation all bank accounts were joint, after the attempted reconciliation each maintained separate savings and checking accounts, with the husband providing the major portion of the family living expenses.

■■ Next, the wife assigns error in the trial court's finding that the obligation on the note should not be apportioned between the parties. This argument is fallacious. We note at the outset that while subsequent to the trial court's determination the note was paid off, this does not preclude review here.[3] It is an established rule that compliance with a judgment or decree by payment thereof does not bar an appeal where repayment may be enforced. Lalekos v. Manset, D.C.Mun.App., 47 A.2d 617 (1946). This is especially true in a situation such as the present where the interest rate on the note exceeded the earnings that Mrs. Wood was receiving from the collateral securing it and the easiest thing to do financially was to conserve her assets by paying it off. Albeit the wife is not precluded from appealing on this point, a careful review of the record discloses more than ample evidence to sustain the

---

3. This is not analogous to the situation in Harris v. Harris, 67 App.D.C. 85, 89 F.2d 829 (1937) or Stein v. Stein, 83 U.S.App.D.C. 286, 170 F.2d 162 (1948), where appeals from awards of alimony following judgments of absolute divorce were held barred by the wife's acceptance of the alimony payments in question prior to the appeal.

**108**

lower court's holding,[4] and it therefore will not be overturned. See Grasty v. Grasty, D.C.App., 302 A.2d 218 (1973).

Mrs. Wood has also asked this court for an allowance of reasonable counsel fees on appeal. We have considered this request and are of the opinion that it should be denied.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

So ordered.

---

4. Although there was a conflict in the testimony, the husband testified that he signed the note as an accommodation to the wife to obtain a lower interest rate. In addition, he stated that he contributed $12,000 of his separate funds borrowed from his life insurance policy as a down payment, followed by direct gifts of his own funds to the son in excess of his share of the outstanding amount due. As a result, the loan in question can be considered as representing the wife's share of total family advances on the son's inheritance made by both parties.